# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

ABERNATHY AND ALS. V. PHILLIPS AND ALS.

JANUARY 13th, 1887.

Absent, LEWIS, P.

1. I N F A N T S—*Contracts—Avoidance—Restitution—Case at bar.*—It is true that if infants enter into contracts, and, after becoming of age, repudiate them, they must make restitution of the consideration, remaining, in kind, in their hands. But in case at bar, the infants made no contract and received no consideration.

2. VENDOR AND VENDEE—*Breach of warranty—Measure of ·damages— Remedy at law.*—Remedy for vendee for loss of land paid for by him and conveyed to him by vendor with warranty of title is by *action at law*, and the measure of recovery is the purchase price with interest from date of eviction.

3. CASE AT BAR is one where there was a misjoinder of parties, plaintiff and defendant, and a bill wholly without equity, that was properly dismissed on demurrer.

Appeal from decree of circuit court of Lunenburg county,. pronounced May 13th, 1884, in a chancery suit wherein the· appellants, L. O. Abernathy, W. H. Powers, and J. A. Harris,. the latter suing for the benefit and at the costs of his co-complainants, were plaintiffs, and John B. Phillips, Wm. H. Phillips, and Sallie E. Phillips, the appellees, were defendants.

Opinion states the case.

*H. L. Lee*, for the appellants.

*W. H. Mann*, for the appellees.

RICHARDSON, J., delivered the opinion of the court.

The controversy has grown up in respect to a certain tract of land devised by the will of Mrs. Sarah Phillips, wherein the following clauses occur: "Item 2d * * * I also loan to my son, Jas. R. Phillips, during his life, the tract of land whereon I now reside, 335 acres, be the same more or less, lying on both sides of Crooked creek, and bounded by the lands of Captain John A. Harris, Mrs. A. Ingram, and others, said land to be valued by two or more persons, to be selected by my executors for that purpose, one-half of said valuation to be paid or *accounted* for by my son, James R. Phillips, to my son, John B. Phillips."

Item 9th. "It is my will and desire that all the property herein loaned by me to my son, James R. Phillips, at his death be equally divided between his *then* living children."

By the seventh clause of her will the testator gave twelve negroes, and all the property not otherwise disposed of, to her two sons, John B. and James R. Phillips, requiring James R. to account for the value of two negro girls therein named. John B. and James R. Phillips were appointed executors of the will, which was admitted to probate on the 12th of September, 1853, in the county court of Lunenburg.

No valuation of the land was ever made, as required by the will, nor did the said James R. ever pay or account for the one-half thereof to John B. Phillips. James R. Phillips being largely in debt, executed a deed of trust, whereby he conveyed his entire real and personal estate to secure the payment of his debts; and the property thus conveyed was sold by the trustee, at which sale the said John B. Phillips became the purchaser of the life estate of said James R. Phillips in the tract of land devised as aforesaid.

In January, 1859, a bill was filed in the county court of Lunenburg by John B. Phillips against the infant children of James R. Phillips, asking for a sale of 133 acres of the said land in fee-simple, and offering, if this was done, to settle his interest in the balance, to wit: the life estate of James R. Phillips purchased by him at said trust sale, upon the children of the said James R., the nephews and nieces of the said John B. Phillips, who stated in his bill, that the proceeds of sale were to be applied to the payment of certain debts of James R. Phillips contracted chiefly for necessaries of life.    In that suit a decree was made for the sale of the land in accordance with the prayer of the bill, and the complainant, John B. Phillips, was appointed commissioner to execute the decree.    The land was accordingly sold, and John A. Harris became the purchaser at the price of $1,000; and afterwards, to wit: on the 13th of February, 1859, a deed with "special warranty" was made to him by said commissioner, which deed was duly recorded on the following day.    At the same time the said John B. Phillips conveyed to John A. Harris, trustee, for the benefit of his nephews and nieces then living or thereafter to be born, the life interest of James R. Phillips in the balance of said tract of 355 acres of land, which he had purchased at said trust sale, thus putting in execution the proposition made in his bill.    And on the 8th day of February, 1864, John B. Phillips, styling himself *committee* executed a deed with *general warranty* to L. O. Abernathy and W. H. Powers, the appellants here, who had purchased the same from John A. Harris, purporting to convey to them the identical 133 acres previously conveyed by him as commissioner to said Harris.

It appears that none of the proceeds of the 133 acres, sold and conveyed to Harris under the decree aforesaid, was received by any of the children of James R. Phillips, or by John B. Phillips.

James R. Phillips died in 1875. In 1881, W. H. Phillips, son of said James R., who was about seven years old when the 133 acre tract was sold, and Sallie B. Phillips, a daughter, not then born, by her next friend, instituted an action of ejectment in the circuit court of Lunenburg county against Abernathy and Powers, purchasers from John A. Harris, and their tenants, and recovered the said 133 acres of land which belonged to them at the death of their father, the said James R. Phillips. And thereupon the said John A. Harris, who is a bankrupt, S. O. Abernathy and W. H. Powers instituted this suit in the circuit court of Lunenburg against W. H. Phillips, Sallie B. Phillips and John B. Phillips, and, in their bill, after admitting that the decree of the county court of Lunenburg, directing the sale of said land in 1859 was void for want of jurisdiction, and setting forth the recovery of the land in said action of ejectment, they pray for a *restitution* of the purchase price of said 133 acres, which they claim is a lien on the entire tract.

There was a general demurrer to the bill, and John B. Phillips and Sallie B. Phillips filed their answers; and at the May term 1883, of said circuit court, a decree was entered sustaining the demurrer and dismissing the bill. From that decree the case was appealed to this court.

We are of opinion that the decree complained of is plainly right.

I. There was a palpable misjoinder of parties plaintiff and defendant, which made the bill clearly demurrable. John A. Harris had no interest whatever in the subject matter of the suit, he having sold the land to Abernathy and Powers, as shown by the bill. He was, moreover, a bankrupt, and could have no standing in court, as to this property, except by his assignee, yet he is joined as a plaintiff with Abernathy and Powers, suing for their benefit and at their cost. Nor had John

B. Phillips, a defendant to the bill, any interest in the matter. He did not claim the land or any part of it, or any interest whatever therein; had already made two deeds for the same land, one of which was entirely superfluous, and so far as the object could be attained by conveyances, he had certainly parted with every vestige of title or interest conferred upon him by the void decree of the county court, rendered in 1859. Therefore, the court did right in sustaining the demurrer; and there being no motion to amend, the court could not do otherwise than dismiss the bill.

Again, if the plaintiffs were entitled to relief, they had a complete remedy at law. For in such cases the settled doctrine is, that the measure of recovery is the purchase price paid, with interest from the time of eviction. *Jackson* v. *Turner*, 5 Leigh, 119; *Threlkeld* v. *Fitzhugh*, 2 Leigh, 451; *Click* v. *Green & Saddler*, 77 Va. 827. There was no necessity for taking any accounts, nor any reason for resort to a court of equity.

But, aside from all other considerations, there is absolutely nothing in the plaintiff's case as made by the bill. Having lost the land purchased under a void decree, the plaintiffs seek restitution of the purchase money. It has been shown that John B. Phillips, one of the defendants against whom relief was sought by the bill, bore to the subject no such relation as could subject him to liability in a court of equity. The other two defendants were the owners of the land after the life estate of their father, and it having been wrongfully sold from them in their tender infancy, after the expiration of the life estate, they brought ejectment, and recovered the land; and it is claimed that they must make restitution.

It is undeniably true that if infants enter into contracts, and after becoming of age repudiate *their contracts*, they must make restitution of the consideration *remaining in kind*, in their hands. *Mustard* v. *Wohlford*, 15 Gratt. 329; *Bedinger* v.

*Wharton*, 27 Gratt. 858. But far as the courts may and do go in the protection of infants and their-estates, yet every principle of equity repels the idea that one who repudiates a contract after arriving at his majority, on the ground that it was entered into in infancy, should be permitted at once to enjoy both the property he had undertaken to sell in infancy, and the purchase price which the purchaser's good faith had placed in his hands. But such is not the case here. On the contrary, the record clearly shows that neither W. H. Phillips, who was only seven years old when the land was sold under the decree of the county court, nor the then unborn Sallie B. Phillips, ever made any contract, directly or indirectly, with either of the appellants in reference to the land in question, or ever received even one cent of the price paid. They cannot, therefore, on any principle of justice or equity be called on to make restitution.

But the case in their behalf is yet stronger. The evidence shows that their father, James R. Phillips, who was the life tenant, was largely involved and unable to pay his debts; that his property, including his life estate in the land, had been sold, and his said life estate purchased by his brother, John B. Phillips; that said James R. Phillips owed the concern of Moore & Harris, of which John A. Harris was a member, a large account, which they were naturally anxious to collect, and that the suit in the county court, in which the 133 acres of land in question was sold, was really bought in effect for the *benefit of Moore & Harris.* John B. Phillips being the unquestioned owner of James R. Phillips' life estate by fair purchase, and being anxious to aid in discharging his brother's indebtedness to Moore & Harris, generously proposed to relinquish his interest in 133 acres of the land, for the life of his brother James R., and to convey to the children of his said brother his life estate in the residue of the tract devised, in order to have a sale in fee of the 133 acres for the purpose aforesaid. Thus

the powers of the county court were invoked and brought into play, and it erroneously decreed the 133 acres to be sold, and it was sold, John A. Harris becoming the purchaser and paying for it with said account of Moore & Harris; and the land was conveyed to him by John B. Phillips, commissioner, by deed with *special warranty*, in 1859. Later, John A. Harris sold the land to the appellants, Abernathy and Powers, and afterwards the same commissioner, John B. Phillips, was called on to make a deed to them, and he, though without a vestige of interest or title, in seeming ignorance did so. Yet, John A. Harris, with his vendees, Abernathy and Powers, come claiming restitution after enjoying the 133 acres, not only from 1859, the date of John A. Harris' purchase, until 1875, when the life tenant died, but on until 1881, when the true owners recovered their property back, a period of some twenty-two years; and this claim is asserted when there is no equity to support it as against any one of the parties from whom restitution is sought, and when, upon just and equitable principles of accounting, nothing would likely be due, even if the claim was valid. The decree appealed from is eminently proper, and must be affirmed.

DECREE AFFIRMED.