F. W. BALDWIN ET AL. V. WILLIAM RHEA.

[FILED OCTOBER 28, 1891.]

1. **Appeal:** IDENTITY OF ISSUES: THE PETITION examined, and *held,* to state the same cause of action sued on in the court from which the appeal was taken.

2. **Continuance:** ERROR IN DENYING: CURED. When a motion for the adjournment of a cause for a specified time is overruled, and the trial does not take place until the period asked for has elapsed, the error, if any, in not granting the motion in the first instance, is cured.

ERROR to the district court for Lancaster county. Tried below before FIELD, J.

*Pound & Burr,* for plaintiffs in error, cited, as to the change of issues: *O'Leary v. Iskey,* 12 Neb., 136; *U. P. R. Co. v. Ogilvy,* 18 Id., 638; *Fuller v. Schroeder,* 20 Id., 631; *Sawyer v. Brown,* 17 Id., 171. As to the denial of a continuance: *Horn v. Queen,* 4 Neb., 108; *Gillette v. Morrison,* 9 Id., 395; *Johnson v. Dinsmore,* 11 Id., 291; *Newman v. State,* 22 Id., 355; *Sherrard v. Olden,* 1 Halstead [N. J.], 419; *Peebles v. Ralls,* 1 Little [Ky.], 24; *Stewart v. Durrett,* 3 Mon. [Ky.], 113; *Vannerson v. Pendleton,* 8 S. & M. [Miss.], 452.

*C. E. Magoon, contra,* cited, in reply to first point: *Jameson v. Butler,* 1 Neb., 119; *Billings v. McCoy,* 5 Id., 190; *Johnson v. Dinsmore,* 11 Id., 394; *Williams v. State,* 6 Id., 337; *Comstock v. State,* 14 Id., 206; *Ingalls v. Nobles,* Id., 273; *Peavy v. Hovey,* 16 Id., 417; *Clark v. Mullen,* Id., 481. In reply to second point: *Fuller v. Schroeder,* 20 Neb., 631.·

NORVAL, J.

This suit was brought by the defendant in error in justice court to recover for work and labor performed by him for the plaintiffs in error, at the stipulated price of $20 per month. From a judgment rendered in favor of Rhea for $80, an appeal was taken to the district court, where judgment was again entered in his favor.

In the district court, Baldwin moved to strike the petition from the files on the ground that it stated a different cause of action from the one tried before the justice. The overruling of the motion is made the basis of the first assignment of error. It is the settled law of this state that, on appeal to the district court, the plaintiff must declare in his petition upon the same cause of action sued on in the court from which the appeal was taken. Was the rule violated in this case?

In the bill of particulars the plaintiff asked judgment against the defendants for the sum of $100 for work and labor performed between July 1 and December 1, 1888, on the farm operated by defendants, situated near Malcolm, in Lancaster county, at the agreed price of $20 per month. The following is a copy of the petition filed in the district court:

" WILLIAM RHEA, Plaintiff,
            *v.*
FRED. W. BALDWIN AND HARRY MEUSSER,
            Defendants. ·

" Comes now the plaintiff, William Rhea, and complains

Baldwin v. Rhea.

of the defendants, Fred. W. Baldwin and Harry Meusser, and for cause of action alleges that the said defendants, during the year 1888, were partners engaged in operating a stock farm in Lancaster county, Nebraska.

"That this plaintiff engaged in work and labor for said defendants on said farm and did perform work and labor on the farm operated by the defendants and located near Malcolm, in Lancaster county, Nebraska, which said work and labor was done and performed between July 1 and December 1, 1888, at the agreed price of $20 per month; that by reason of said performance of said work and labor so done and performed defendants are indebted to the plaintiff in the sum of $100, with interest thereon from the 1st day of December, 1888.

"Wherefore plaintiff prays a work and labor judgment against the defendants for the sum of $100 and interest at the rate of seven per cent per annum from the 1st day of December, 1888, and for costs of suit."

The only averment in the petition not found in the bill of particulars is the allegation that the defendants were partners.  This variance in the pleadings was not such a departure as to require the petition to be stricken from the files.  The suit in both courts was between the same parties to recover for the same services performed by the defendant in error for the plaintiffs in error.  The cause of action being the same in both courts, the district court did not err in overruling the objection to the petition.

Objection is made to the refusal of the court to grant a postponement of the trial.  On March 19, 1890, Baldwin's attorney filed a motion asking an adjournment for one week.  The motion was supported by the affidavit of the attorney to the effect that Baldwin had gone to Illinois in response to a telegram announcing the dangerous illness of a near relative; that he had promised to return as soon as his relative was beyond danger, and that Baldwin was a necessary witness in his own defense.

24

The motion was not submitted to the court until March 27, when it was overruled. In the meantime Baldwin returned home, and on March 26 made and filed, in support of his application for adjournment, an affidavit to the effect that he had returned to Lincoln for a short period of time to transact some business, that his relative Blanche Baldwin was still dangerously ill, and not expected to live, and on account of said sickness he is compelled to go to Illinois on the first train. We fail to see how Baldwin was prejudiced by the ruling of the court. Although the motion was overruled, the trial, as a matter of fact, was postponed for the time asked for therein. The motion was passed upon March 27, and the case was not tried until April 4. When a motion for the adjournment of a cause for a specified time is overruled, and the trial does not take place until after the period asked for has elapsed, the error, if any, in not granting the motion in the first instance is cured. The judgment is

AFFIRMED.

THE other judges concur.