## Wytheville

### WILLIAM J. MATTHEWS V. J. C. LAPRADE.

#### June 16, 1921.

1. APPEAL AND ERROR—*Exceptions, Bill of—Necessity—Amendment.*
   —Defendant demurred to a notice of motion to recover damages
   for the breach of an option contract for the sale of real estate.
   The trial court sustained the demurrer and plaintiff asked leave
   to amend his notice in certain particulars. This the trial court
   refused to allow, and plaintiff excepted. Plaintiff filed no bill
   or certificate of exception to the ruling of the trial court re-
   fusing to permit the amendment, but embodied the amendment
   and the ruling of the court and his exception thereto in the or-
   der of the court.

   *Held:* That this was an irregular mode of procedure, not to be
   commended. Even conceding, however, that this procedure may
   be sufficient for the purpose, the amendment in the instant case
   did not cure all the defects of the original notice.

2. OPTIONS—*Notice of Motion for Judgment—Sufficiency of Notice.*—
   A notice of a motion to recover damages for the breach of an
   option contract for the sale of real estate nowhere alleged that
   the plaintiff ever exercised the option given him, nor did it
   allege any facts which would in any way aid the insufficient
   description of the land given in the option, nor any facts which
   would bring the plaintiff's claim for damages within the ex-
   ception to the general rule prevailing in this State in such cases.

   *Held:* That the demurrer was, therefore, properly sustained.

3. NOTICE OF MOTION TO RECOVER DAMAGES—*Sufficiency—Bill of*
   *Particulars.*—A notice of motion to recover damages must state
   such facts as will entitle the plaintiff to recover of the defend-
   ant, if the facts alleged be proved. The plaintiff must always
   state a good cause of action against the defendant, regardless
   of the form of procedure adopted. The facts alleged must be
   sufficient in substance to warrant a recovery. If they are suffi-
   cient in substance, but deficient in detail, the defendant should
   call for a bill of particulars.

4. FRAUD AND DECEIT—*Pleading and Proof.*—Fraud must be dis-
   tinctly charged and clearly proved.

5. VENDOR AND PURCHASER—*Description of Land—Parol Evidence—Statute of Frauds.*—If parol evidence is necessary in connection with writing to identify the land sold so as to show a compliance with the statute of frauds, the facts to be established by such parol evidence should be alleged in the pleading.

6. FRAUDS, STATUTE OF—*Pleading—Allegation of Writing—Sufficiency of Writing.*—In an action at law upon a contract required by the statute of frauds to be in writing, it is not necessary for the plaintiff to allege a writing. But if he vouches the writing in his pleading, as the plaintiff did in the instant case, then the writing must of itself be sufficient, or else there must be such allegation of facts to be established *aliunde* as together with the writing will make it sufficient.

7. FRAUDS, STATUTE OF—*Parol Evidence to Aid Memorandum to Identify Land—Ownership of Land—Option.*—Parol evidence can be received in aid of a memorandum under the statute of frauds to identify the land upon which an option was given. Thus, where the contract called for "one tract of land in Prince Edward county * * * containing 466 acres, more or less," it is permissible, in aid of the writing, to show by parol that the vendor owned only one tract of land of that description.

8. FRAUDS, STATUTE OF—*Object of Memorandum—Parol Evidence.*—The object of a memorandum required by the statute of frauds is to protect the "party to be charged thereby," not third persons, and, while parol evidence is not admissible to vary, alter, or contradict what is in writing, it is admissible for the purpose of identifying the subject matter of the contract. "There is no mystery about the statute of frauds," and the subject matter of the contract may, as between the parties thereto, be identified by parol as well where it is land as where it is personal property.

9. INTERPRETATION AND CONSTRUCTION—*Parol Evidence—Facts Surrounding Circumstances.*—The general rule in the interpretation of written instruments is that it is permissible for the expositor to place himself as nearly as possible in the position of the maker of such instrument, and to this end parol evidence is admissible to show the facts and circumstances surrounding such maker at the time the instrument was executed.

10. OPTIONS—*Notice of Motion for Judgment—Identity of Land—Frauds, Statute of.*—In a proceeding by notice of a motion to recover damages for the breach of an option contract for the sale of a "tract of land in Prince Edward county, * * * same containing 466 acres, more or less," the notice did not

allege that the defendant owned one and only one tract of land in Prince Edward county, containing 466 acres, more or less. But if this had been alleged and proved, and it had been shown that the parties dealt with reference to that tract of land, it would have been a sufficient compliance with the statute of frauds.

11. VENDOR AND PURCHASER—*Breach of Contract by Vendor—Measure of Damages—Value at Date of Sale Not at Date of Breach.*—As to the measure of damages for the breach of a contract for sale of land by the vendor, the rule in Virginia is that executory and executed contracts stand on the same footing in this respect, and that the measure of damages is the value of the land at the date of sale, and not the value at the time of the breach, and if a price has been agreed on that is the best evidence of its value, and is to be accepted as such. If the purchaser has paid anything, he is entitled to recover the money paid with interest, and also any sums properly expended by him for the examination of the title.

12. PLEADING—*Pleading Exception to a General Rule of Law.*—A party who claims to come within an exception to a general rule of law must, in his pleadings, state such facts as clearly bring him within such exception.

13. AMENDMENTS—*Refusal of Trial Court to Allow—Judgment of Appellate Court.*—In the instant case the trial court sustained a demurrer to a notice of a motion to recover damages. Thereupon plaintiff asked leave to amend in certain particulars, but the trial court refused to allow the amendment. The amendment offered did not cure all the defects of the notice, but if the plaintiff had offered to amend in certain other particulars, which he did not do, it would have been error to have refused permission to do so.

    *Held:* That the judgment of the trial court must be affirmed, but without prejudice to the right of the plaintiff to institute a new action upon the same cause.

Error to a judgment of the Circuit Court of Charlotte county in a proceeding by motion for a judgment for damages. Judgment for defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Geo. E. Allen,* for the plaintiff in error.

*R. E. Byrd* and *J. Taylor Thompson,* for the defendant in error.

BURKS, J., delivered the opinion of the court.

[1] This is a proceeding by notice of a motion to recover damages for the breach of an option contract for the sale of real estate. The defendant demurred to the notice and the trial court sustained the demurrer. Thereupon the plaintiff asked leave to amend his notice in certain particulars, but the trial court refused to allow the amendment and the plaintiff excepted.

The errors assigned are (1) the judgment of the trial court sustaining the demurrer, and (2) its refusal to permit the amendment. The plaintiff filed no bill or certificate of exception to the ruling of the trial court refusing to permit the amendment, but embodied the amendment and the ruling of the trial court thereon and his exception thereto in the order of the court. This was an irregular mode of procedure, not to be commended, but if it be conceded that it was sufficient for the purpose, the amendment did not cure all the defects of the original notice.

The original notice was signed by the plaintiff and, so far as it need be recited, was as follows:

"To J. C. LaPrade:

"The sum of nine thousand four hundred and fifteen dollars ($9,415.00) is due me, the undersigned, by you, with interest thereon from the 17th day of December, 1919, until paid, the same being for compensation in damages for

the breach by you, without legal justification, of the following contract made and signed by you, to-wit:

" 'Dec. 1, 1919.

" 'Received of W. J. Matthews $10.00 for option on one tract of land in Prince Edward county for 20 days from date, same containing 466 acres more or less.

" 'Payments as follows: ·

" '1/3 cash, balance 1-2 & 3 & 4 years; purchase price to be $6,000.00.

" '(Sgd.) J. C. LA PRADE.

" 'Witness:

" 'H. A. LESTER.'

"Which said damages are evidenced by the following account hereby incorporated into this notice as an integral part thereof, to-wit:

"To difference in price at which you agreed to sell me said property and the market price, $9,415.00."

To this notice the defendant demurred and assigned the following grounds of demurrer:

"(1)  No facts are stated which would charge the defendant with a breach of contract.  The charge that there was a breach of contract is a mere conclusion of law.

"(2)  The notice of motion does not aver that the plaintiff performed the alleged contract as he must do in order to bind the defendant to any such alleged contract.

"(3)  The alleged contract sued on is void because it is unilateral.  It attempts to bind defendant, but not plaintiff, and said alleged contract is not such a unilateral contract as in law will bind defendant.

"(4)  The alleged contract is void under the Statute of Frauds in that no such contract as is valid under the Stat-

ute of Frauds for the sale of real estate is alleged in said notice of motion.

"(5)   The said notice of motion alleges a claim for damages which is unlawful and neither of which alleged damages, nor any part thereof, is recoverable upon said alleged contract."

[2] The original notice nowhere alleges that the plaintiff ever exercised the option given him, nor does it allege any facts which would in any way aid the description of the land given in the receipt copied into the notice, nor any facts which would bring the plaintiff's claim to damages within the exception to what he states is the general rule prevailing in this State in such cases.   The demurrer was, therefore, properly sustained.

[3] It is a mistake to suppose that because a plaintiff elects to proceed by motion he is relieved from the necessity of stating such facts as will entitle him to recover of the defendant, if the facts alleged be proved.   The plaintiff must always state a good cause of action against the defendant, regardless of the form of procedure adopted.   The facts alleged must be sufficient in substance to warrant a recovery.   If they are sufficient in substance, but deficient in detail, the defendant should call for a bill of particulars. We recently said on this subject:

"In a proceeding of this kind the notice takes the place of the writ and the declaration, and while the notice is viewed with great indulgence, it must set out matter sufficient to maintain the action, and whether or not it does so is tested by a demurrer to the notice.   What is lacking in allegation cannot be supplied by evidence.   There must be both allegation and proof to entitle a plaintiff to a judgment, and the allegation must precede the proof.   *   *   * If this were the only error committed on the trial, we would hardly reverse the judgment of the trial court, but we do not recede from the proposition that, no matter what

form of procedure is adopted, every litigant has the right to be informed in plain and unmistakable language of the ground of complaint or defense of his adversary. The procedure by notice under section 6046 of the Code is looked upon with great indulgence not because the notice is supposed to be the act of a layman ignorant of forms of procedure, for that would be contrary to almost universal experience, but because the courts are loath to sacrifice substance to form, and desire, so far as possible, to avoid that result. The adoption of this method of procedure, however, cannot dispense with the allegation of the substance of a good ground of action or defense. Anything less than this would endanger the substantial rights of litigants." *Mankin* v. *Aldridge*, 127 Va. 761, 105 S. E. 459.

The plaintiff, however, tendered an amendment of his notice which showed an acceptance of the option, but only vaguely tended to aid the description of the land and indirectly charged fraud on the part of the defendant in refusing to comply with his contract. This amendment was refused by the trial court, but upon what ground does not appear from the record. It appears, however, from the argument of counsel for the defendant in error in this court that they deny liability of the defendant in error upon the ground (1) that the receipt filed with the notice is not a sufficient memorandum under the statute of frauds because the land is not adequately described therein, and the description given cannot be aided by parol evidence; and (2) that under the general rule prevailing in this State in cases of this kind the measure of the plaintiff's damages is the contract price of the land and not the difference between the contract price and the market value at the time of the breach, and that the plaintiff's notice, as amended, contains no allegations of fact which take his case out of the general rule.

[4-6] It is too well settled in this State to require the citation of authority that fraud must be distinctly charged and clearly proved, and it seems equally clear that if parol evidence is necessary in connection with the writing to identify the land sold so as to show a compliance with the statute of frauds, the facts to be established by such parol evidence should be alleged in the pleading. In an action at law upon a contract required by the statute of frauds to be in writing it is not necessary for the plaintiff to allege a writing. *Eaves* v. *Vial*, 98 Va. 134, 34 S. E. 978. But if he vouches the writing in his pleading, as the plaintiff did in this case, then the writing must of itself be sufficient, or else there must be such allegation of facts to be established *aliunde* as together with the writing will make it sufficient. The amendment proposed did not state the facts necessary to be proved to aid the description of the land given in the written memorandum, and the allegation of fraud relied upon to take the plaintiff's case out of the general rule admitted as prevailing in this State was made only inferentially. The defendant, however, goes further and denies that the written description of the land can be aided by parol evidence, or that the plaintiff could recover even if he had been permitted to prove that the defendant was the complete equitable owner of the land and denied such ownership as a mere pretext to avoid performance of his contract.

[7] We cannot accede to the proposition of the defendant in error that parol evidence cannot be received in aid of a memorandum under the statute of frauds to identify the land upon which the option was given.

It may be conceded that a majority of the States which have passed upon the question hold that a contract which describes the land merely by its acreage and general location is not sufficient to satisfy the statute of frauds, and that the case at bar comes within that category. But it is also generally held that if the description is by *ownership*,

acreage and general location, it is sufficient, provided it is shown by parol that the vendor owns but one tract which answers the description. We have been at pains to read and consider a large number of these cases, but it would serve no useful purpose to cite them. We have stated in general terms the result of the conclusions reached. A good collection of cases will be found in L. R. A. 1916C, 1128-30.

In view of the conflict of authority elsewhere, we feel at liberty to adopt our own course. The chief question is whether parol evidence is admissible to identify the land by proof of ownership, although ownership is not expressly stated in the written memorandum. Where the contract calls for "one tract of land in Prince Edward county * * containing 466 acres, more or less" is it permissible, in aid of the writing, to show by parol that the vendor owned only one tract of land of that description? We think it is.

In *Plant* v. *Bourne* (1897), 2 Ch. Div. 281, 66 L. J. Ch. (N. S.) 643, the description given was "twenty-four acres of land, freehold, and all appurtenances thereto at Totmonslow, in the parish of Draycott, in the county of Stafford, and all the mines and minerals thereto appertaining. Possession to be had on the 25th of March next. The vendor guaranteeing possession accordingly."

The objection to this agreement was that it did not specify in terms what twenty-four acres of freehold land at Totmonslow the agreement referred to, and that the property to be identified must be more accurately ascertained in language than was done by the memorandum.

In stating the case, it was said: "At the hearing the plaintiff proposed to adduce evidence to prove that he was the owner of certain freehold land situate at Totmonslow, in the parish of Draycott, in the county of Stafford, on the south side of the highway from Totmonslow to Tean, and containing 24A. 1 R. 26 P. more or less; that at the date of

the contract the defendant was well acquainted with the said land, and desirous of purchasing it, and that on the morning of February 12, 1896, the defendant, by appointment, went over and carefully examined the said land with the plaintiff, and that the contract was signed on the evening of that same day."

Lindley, L. J., after referring to the cases of *Ogilvie* v. *Foljambe*, 3 Mer. 53, and *Shardlow* v. *Cotterell*, 20 Ch. D. 90, in which similar memoranda had been held sufficient, said: "Now it seems to me that we should be simply splitting hairs, and introducing a distinction without a difference, if we adopted the view which Mr. Astbury has pressed upon us, that there is a substantial distinction between this and the two cases to which I have referred. Of course, I see that there are differences; but the question is what they are worth. Now is this, or is it not, when looked at, a sufficient description to let in this parol evidence to show what the agreement referred to. That there was an agreement is plain enough. What is it that the agreement refers to? The answer to that is, it was the twenty-four acres of freehold land which they were talking about. Evidence to show that is admissible; and if that is once admitted, there is an end of the case."

Chitty, L. J., in the same case, also said: "Now there is no mystery about the statute of frauds. All that it requires is a memorandum in writing of the contract where the subject matter is such as we are dealing with. That memorandum must be construed in a reasonable way, as well as any other memorandum which is in writing to which the statute of frauds does not apply. Now what have we here? We have the vendor, Plant, and the purchaser, Bourne, sufficiently named and described, and we have Plant agreeing to sell, at the price which is mentioned, 'twenty-four acres of land, freehold, and all appurtenances thereto, at Totmonslow, in the parish of Draycott,

in' the county of Stafford,' and so. on; and then possession is to be given, and the vendor guarantees possession to be given accordingly on the day mentioned. I should say. reading that according to the ordinary and fair rules of construction, there is no ambiguity about it at all as it stands. I am unable to understand the argument that Plant was not selling his own twenty-four acres of land, because I think on the face of the document, that is the meaning of it; and if that is the meaning of it, it at once comes within the range of cases to which I have referred. I think Mr. Plant means he is selling 'the twenty-four acres we have been looking at,' or 'my twenty-four acres.' "

Lopes, L. J., also delivered a concurring opinion.

In *Hurley* v. *Brown* (1868), 98 Mass. 545, 96 Am. Dec. 617, the description of the property was, "a house and lot of land situated on Amity street, Lynn, Mass." This memorandum was held to be sufficient under the statute of frauds. Foster, J., delivering the opinion of the court, said: "No more particular description is necessary under the statute of frauds, in a contract for the sale of real estate, than in one relating to personal property. In each, to constitute a bargain and sale, or a contract which will be specifically enforced in equity, the subject matter thereof must be identified.

"In a deed, the words of description are, of course, intended to relate to an estate owned by the grantor. And, in our opinion, this is also the presumption in construing a contract for a future conveyance. If the party who enters into the agreement in fact owns a parcel answering to the description, and only one such, that must be regarded as the one to which the description refers.

"With the aid of this presumption, the words 'a house and lot' on a street where the party who uses the language owns only one estate, are as definite and precise as the words 'my house and lot' would be; a description the suf-

ficiency of which has been placed beyond all doubt by very numerous authorities. *Bird* v. *Richardson,* 8 Pick. 252. *Phelps* v. *Sheldon,* 13 Pick. 50. *Atwood* v. *Cobb,* 16 Pick. 227. In both cases the same extrinsic evidence must be resorted to, by the aid of which all uncertainty is removed. Where the words used are 'my estate' in a particular locality, oral evidence is necessary to show what estate the vendor did own. A latent ambiguity always exists where the party owns two parcels, to each of which the description used is equally applicable.

"In the present case the writing does not show that there is more than one house and lot on Amity street. This fact was disclosed by the oral evidence at the trial; and the familar rule would seem to apply, that parol evidence is admissible to explain and remove a latent ambiguity. If there had been only one house and lot on the street, there would have been no indefiniteness in the description. The supposed uncertainty having been created by parol, evidence of the same character may be resorted to for its removal. But without relying much upon this consideration, we regard the fair construction of the words used to be, that they relate to a house and lot owned, at the time the memorandum was signed, by the parties who subscribed it. Thus interpreted, they are sufficiently certain, and the oral evidence is needed only to apply the description. This must be done by extrinsic evidence in every contract or conveyance, however minutely the boundaries of the estate may be set forth. The maxim, *Id certum est quod certum reddi potest,* is the established rule of construction in suits for specific performance. The contract in the present case seems to us fairly within its application."

In *Meade* v. *Parker,* 115 Mass. 413, 15 Am. Rep. 110, the memorandum was dated at Boston, and the description given of the property was, "a house and lot on Church street." It was held, chiefly on the authority of *Hurley* v. *Brown, supra,*

that it might be shown by parol that the house and lot referred to were in Somerville, and that the memorandum was sufficient under the statute of frauds. *Hurley* v. *Brown, supra,* was also quoted from with approval in *Ballou* v. *Sherwood,* 32 Neb. 666, 49 N. W. 790, 50 N. W. 1,131, and *Bacon* v. *Leslie,* 50 Kan. 494, 31 Pac. 1,066, 34 Am. St. Rep. 134, but has been repudiated in *Draper* v. *Hoops,* 135 Ill. App. 388.

In *Holley's Ex'r* v. *Curry,* 58 W. Va. 70, 51 S. E. 135, 112 Am. St. Rep. 944, it is said:

"It may be laid down generally that great liberality is allowed in the matter of description. In description, that is certain which can be made certain. A deed will not be declared void for uncertainty if it is possible, by any reasonable rules of construction, to ascertain from the description, aided by extrinsic evidence, what property it is intended to convey. The office of description in a deed or other writing is not to identify the land, but to furnish means of identification." See also *Crotty* v. *Effler,* 60 W. Va. 258, 54 S. E. 345, 9 Ann. Cas. 770; *Lente* v. *Clarke,* 22 Fla. 515, 1 So. 149; *Burns* v. *Witten,* 56 Ore. 568, 108 Pac. 129; *Minge* v. *Green,* 176 Ala. 343, 58 So. 381; *Ranck* v. *Wickwire,* 255 Mo. 42, 164 S. W. 460; *Hodges* v. *Kowing,* 58 Conn. 12, 18 Atl. 979, 7 L. R. A. 87; *Bogard* v. *Barham,* 52 Ore. 121, 96 Pac. 673, 132 Am. St. Rep. 676.

[8-9] The object of the memorandum is to protect the "party to be charged thereby," not third persons, and while parol evidence is not admissible to vary, alter or contradict what is in writing, it is admissible for the purpose of identifying the subject matter of the contract. "There is no mystery about the statute of frauds," and the subject matter of the contract may, as between the parties thereto, be identified by parol as well where it is land as where it is personal property. The general rule in the interpretation of written instruments is that it is permissible for the expositor to

place himself as nearly as possible in the position of the maker of such instrument, and to this end parol evidence is admissible to show the facts and circumstances surrounding such maker at the time the instrument was executed.

[10] The defect in both the original and amended notice is that they do not allege that the defendant owned one and only one tract of land in Prince Edward county, containing 466 acres, more or less. If this had been alleged and proved, and it had been shown that the parties dealt with reference to that tract of land it would have been a sufficient compliance with the statute of frauds.

We are of opinion that it was permissible for the plaintiff to allege, and to prove by parol, that the defendant owned a tract of land answering the description given in the written memorandum, and only one such tract, and that it was the tract upon which the defendant gave the option in the declaration mentioned.

[11] Now as to the measure of damages. Whatever may be the rule elsewhere, the rule in this State is that executory and executed contracts stand on the same footing in this respect, and that the measure of damages is the value of the land at the date of sale, and not the value at time of the breach, and if a price has been agreed on that is the best evidence of its value, and is to be accepted as such. If the purchaser has paid anything, he is entitled to recover the money paid with interest, and also any sums properly expended by him for the examination of the title, etc.

In *Stuart* v. *Pennis,* 100 Va. 612, 42 S. E. 667, decided in 1902, a vendor of real estate was sued in assumpsit for breach of contract to convey, and it was there said: "In *Thompson* v. *Guthrie,* 9 Leigh (36 Va.) 101, following *Stout* v. *Jackson,* 2 Rand. (23 Va.) 132; *Threlkeld* v. *Fitzhugh,* 2 Leigh (29 Va.) 451; *Mills* v. *Bell,* 3 Call. (7 Va.) 320, and the leading English case of *Flureau* v. *Thornhill,* 2 W. Blacks. 1,078, it is shown that the rule is as ap-

plicable to executory contracts as to those executed, and
that the vendee is not entitled to more damages than the
purchase money he has actually paid and interest thereon.
'For this', says the opinion, 'he ought to be compensated,
if the land falls in value; and no more than compensated,
if it rises. Such a rule offers no temptation to the vendor
to violate his contract, because if he has a good title the
vendee can claim specific performance in a court of chan-
cery, instead of bringing his action at law.'

"It is true, as pointed out in the argument of the case
at bar, the doctrine announced in *Flureau* v. *Thornhill* and
*Thompson* v. *Guthrie* has not been uniformly followed in
the Supreme Court of the United States and several of the
State courts, but it has been recognized as a settled doc-
trine in a number of decisions by this court: viz., *Wilson* v.
*Spencer*, 11 Leigh (38 Va.) 271; *Newbrough* v. *Walker*, 8
Gratt. (49 Va.) 16; *Chick* v. *Green*, 77 Va. 835; *Sheffey* v.
*Gardiner*, 79 Va. 313; *Abernathy* v. *Phillips*, 82 Va. 769, 1
S. E. 113; *Conrad* v. *Effinger*, 87 Va. 59, and *Roller* v. *Ef-
finger*, 88 Va. 641, 14 S. E. 337."

In *Click* v. *Green*, 77 Va. 835, the reason for the rule is
stated as follows: "The reason why the increased value
cannot be estimated in the damages incident to the breach
of the covenant is that the covenant, which runs with the
land, cannot be construed to extend to anything other than
the land itself, which is the subject matter of the covenant.
A different rule, however hardly this one may in some cases
seem to operate to the prejudice of the warrantee, would
be fraught with most disastrous consequences. In the ab-
sence of fraud, and none is pretended in this case, it would
be a ruinous rule to say that a vendor making a sale in
good faith—it may be of land of but little value, but which,
from the discovery afterwards of rich mineral deposits,
or from other cause, should become suddenly of immense
value—should be held by his vendee, on eviction, liable for

such enhanced value as the measure of damages. Very few persons would undertake to warrant the title of land conveyed, if such were the rule. But it is useless to discuss this question, for, since the case of *Threlkeld* v. *Fitzhugh,* 2 Leigh (29 Va.) 451, the definitely fixed rule, never since departed from in Virginia, has been that the purchaser, upon eviction, in a case like this, is only entitled to the purchase price paid, with interest from the date of eviction, and costs. This rule is safe and certain; it is too well established, too plainly essential to the general good, to admit of doubt."

In 1 Minor's Real Property, sec. 1132, p. 1231, it is said: "Because of the danger of imposing a grievous burden upon the grantor, in case he should unwittingly convey a defective title, the courts of England and of Virginia also have persistently declined to measure the damages, upon a breach of covenant of title, by the value of the land lost as at the time of *eviction,* but have held that the proper measure of recovery is the value of the land at the time of the *warranty;* that is, at the time of the conveyance; and the best standard of such value is in general the *price agreed upon* at the time of the sale or so much thereof as has been paid (with interest from the date of the eviction and the legal and taxable costs expended in the action in which eviction occurs). But *nominal* damages only will be recoverable if *no actual loss* has been sustained by reason of the breach of the covenant."

In the face of these authorities, we do not feel at liberty to change a rule so firmly established by the decisions of this court. It has become, in a sense, a rule of property. But the authorities cited concede that there are exceptions to the rule, and the plaintiff claims that he is within such exceptions. This claim, the defendant denies. This controversy was not developed in the trial court, because the proposed amendment of the plaintiff's declaration was not

specific enough in its allegations to put the matter in issue. A party who claims to come within an exception to a general rule of law must, in his pleadings, state such facts as clearly bring him within such exception.

[13] Had counsel for the plaintiff offered to amend in the particulars hereinbefore pointed out, it would have been error to have refused permission to do so, but he failed to do this. The result is the judgment of the trial court must be affirmed, but without prejudice to the right of the plaintiff to institute a new action upon the same cause of action, if he shall be so advised.

*Affirmed.*