## CIRCUIT COURT OF THE CITY OF RICHMOND

Grace E. Tucker Keown

v.

Billy D. Pike

January 25, 1991

Case No. LR 2872-2

By JUDGE ROBERT L. HARRIS, SR.

This matter is before the court on defendant's Demurrer and Motion to Strike Punitive Damages. In her Motion for Judgment, plaintiff seeks compensatory and punitive damages for personal injuries she allegedly sustained in an automobile collision which she contends resulted from defendant's alleged "willful, wanton and reckless" operation of a motor vehicle. Paragraph 3 of plaintiff's Motion for Judgment alleges that, at the time of collision, defendant was driving under the influence of alcohol, drugs, and/or intoxicants and that defendant attempted to leave the scene of the accident in violation of § 46.1-176 of the Code of Virginia.

Defendant demurred and moved this court to strike any allegations as to punitive damages because plaintiff failed to set forth sufficient facts in her Motion for Judgment which would justify a claim for punitive damages. Counsel for both parties appeared before this court on January 2, 1991, for a hearing on this matter, and both counsel have filed memoranda of authorities.

Plaintiff's allegations must be considered according to "the settled rule that a demurrer admits the truth of all well-pleaded material facts. All reasonable factual inferences fairly and justly drawn from the facts alleged must be considered in aid of the pleading." *Fox v. Custis*,

236 Va. 69, 71, 372 S.E.2d 373, 374 (1988). In the case at bar, plaintiff's Motion for Judgment alleges that defendant "carelessly, recklessly and negligently" caused his vehicle to collide with plaintiff's vehicle and, as a result of this collision, plaintiff was injured. Plaintiff's specific allegations in paragraph 3 of her Motion for Judgment are particulars of negligence on defendant's part which plaintiff may, but does not have to, allege. Rule 3:16(b); *see also Ragsdale v. Jones*, 202 Va. 278, 284, 117 S.E.2d 114, 119 (1960). With or without these specific allegations, plaintiff's Motion for Judgment states a cause of action for negligence against the defendant.

The court appreciates the fact that plaintiff's counsel brought to the court's attention the recent Virginia Supreme Court decision of *Russo v. White*, 241 Va. 23 (1991). In that case, plaintiff sued defendant for intentional infliction of emotional distress, alleging in her amended motion for judgment that defendant had caused her "extreme emotional distress" by making frequent "hang-up" telephone calls to her house. Plaintiff alleged that as a result of defendant's "intentional acts," she suffered "severe emotional distress" which resulted in "nervousness, sleeplessness, stress and its physical symptoms" and other symptoms. *Id.* at 25. The trial court sustained defendant's demurrer, and the Supreme Court upheld the lower court's ruling, noting that the tort of intentional infliction of emotional distress is "not favored" in the law. *Id.* at 26 (citing *Ruth v. Fletcher*, 237 Va. 366, 373, 377 S.E.2d 412, 415 (1989)). The court held that the alleged effect of defendant's acts on plaintiff was "not the type of extreme emotional distress that is so severe that no reasonable person could be expected to endure it." *Id.* at 27.

Justice Compton specifically acknowledged in his opinion that the *Russo* case was "not a negligence case where, according to Rule 3:16(b), an allegation of 'negligence' is sufficient without specifying the particulars." *Id.* at 28. Therefore, it is this court's opinion that the holding in *Russo* is fact specific to claims of intentional infliction of emotional distress and is therefore inapposite to the case at bar.

Plaintiff specifically demands punitive damages in addition to compensatory damages in her *ad damnum* clause.

Counsel for defendant relies on the case of *Harrell v. Woodson*, 233 Va. 117, 353 S.E.2d 770 (1987), in support of his Demurrer and Motion to Strike Punitive Damages. In *Harrell*, the plaintiff had not claimed punitive damages in his motion for judgment, and the trial court ruled *in limine* that no such damages could be recovered and that evidence offered solely to support such an award would, therefore, be excluded at trial. The Virginia Supreme Court affirmed the lower court's ruling, holding that to recover punitive damages, a plaintiff must make an express claim for them in his prayer for relief or *ad damnum* clause so that the defendant is given notice that punitive damages are being sought. *Id.* at 122, 353 S.E.2d at 773.

In the case at bar, plaintiff's *ad damnum* specifically demands punitive damages, and therefore, the *Harrell* requirement for clear pleading is met. This case is, of course, in the initial pleading stage whereas the *Harrell* case was at trial when the motion to strike evidence of punitive damages was made and sustained. In his brief, defendant correctly asserts that he is entitled to know exactly what plaintiff is claiming so that he may properly defend the case. However, when a motion for judgment states a cause of action against a defendant and informs him of the true nature of plaintiff's claim, defendant has no grounds for a demurrer. He may, however, request a bill of particulars. *See, e.g., Matthews v. LaPrade*, 130 Va. 408, 413, 107 S.E. 795 (1921); *Alexander v. Kuykendall*, 192 Va. 8, 14-15, 63 S.E.2d 746, 749-50 (1981).

As defense counsel acknowledges in his brief, discovery is also available as a means by which defendant can learn the specifics of plaintiff's claim. If warranted, other motions may be made as the discovery process evolves. However, plaintiff's Motion for Judgment states a valid cause of action against defendant for negligently operating a motor vehicle in a willful, wanton and reckless manner in complete disregard of plaintiff's safety by driving under the influence of alcohol or other intoxicants and attempting to leave the scene of the accident. Plaintiff clearly and specifically demands punitive damages in her *ad damnum* clause. Therefore, defendant's Demurrer and Motion to Strike Punitive Damages is overruled.