## Richmond.

## GARDNER V. MOORE'S ADMINISTRATOR.

### November 15, 1917.

1. GIFTS—*Effect—Requisites—Delivery.*—Title to personal property of all kinds may be passed by gift, and, when so passed, it is as irrevocable as if passed by purchase; but in order to possess this quality the gift must be complete. The thing given must be delivered, else the gift is incomplete. An agreement for future delivery is nothing more than a promise to make a gift. The delivery, however, may be actual, constructive or symbolical, depending upon the nature of the thing given. But there must be delivery of some kind, else there is no gift, unless it be by way of declaration of a trust.

2. GIFTS—*Delivery—Residence Together of Donor and Donee.*— Where an alleged gift by a mother to her daughter, with whom she resided, was not of money, but was a part of a judgment which the donor had recovered against her son—a mere chose in action—the provision of section 2414 of the Code of 1904, relating to the residence together of the donor and donee at their place of residence, has no application thereto.

3. ASSIGNMENTS—*Gifts—Negotiable Instruments Law.*—A mother gave to her daughter an order upon her attorneys in the following language: "Messrs. D. Wampler Earman & Swank, (attorneys at law), will please pay to Mrs. M. J. Gardner, or order, one thousand five hundred dollars and charge same to my account." The attorneys of the mother had previously recovered for her a judgment against her son for $2,700, which was all the property she owned then or thereafter until the date of her death. The judgment was not collected by the attorneys for the mother, but was paid in full to her administrator some time after her death, and an action was brought upon the order by the daughter against the administrator. *Held:* That the daughter could not recover against the administrator, as the writing in question did not operate either as a gift or an equitable assignment of a part of the judgment.

4. ASSIGNMENTS—*Negotiable Instruments Law—Assignment or Bill of Exchange.*—The instrument described in the preceding syllabus does not purport to be an assignment, and makes no mention of the judgment or other fund out of which it is to be

paid. It measures up exactly to what section 126 of the negotiable instruments law declares to be bill of exchange, and which by the next section it declares, "of itself does not operate as assignment of the funds in the hands of the drawee available for the payment thereof." Code, section 2841-a, clauses 126, 127. The court cannot declare that to be a common law assignment which the statute says is a negotiable bill of exchange, nor that such a bill shall operate as an assignment when the statute says it shall not so operate. The fact that the donor had no other estate than the judgment cannot affect the legal interpretation of the instrument of supposed donation. The same results would have followed if the donor had used an insufficiently executed will as the instrument of donation. As the instrument was not an assignment delivery of it was not a sufficient delivery to complete the gift.

Error to a judgment of the Circuit Court of Rockingham county, in a proceeding by motion for a judgment for money. Judgment for defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*John Paul, Ward Swank* and *H. W. Bertram,* for the plaintiff in error.

*D. O. Dechert, D. W. Earman* and *Edward A. Martz,* for the defendant in error.

·BURKS, J., delivered the opinion of the court.

This is a proceeding by motion under section 3211 of the Code to recover a judgment for money. The notice and the writing upon which it is founded are as follows:

"To D. Wampler Earman,
     "Administrator of Rhoda E. Moore, dec'd.:
     "You are hereby notified that on the 28th day of Jan-

uary, 1916, I shall move the circuit court of the county of Rockingham for a judgment against you for the sum of fifteen hundred dollars ($1,500.00) the same being due to me from you as evidenced by a certain order, a copy of which is filed herewith, for the sum of $1,500.00.

"Given under my hand this 12th day of January, 1916.
                              "MAGGIE H. GARDNER,
                                          "By counsel.
"WARD SWANK,
    "Of counsel.

### "ORDER.

                    "Weyers Cave, Va., October 12, 1914.
"$1,500.00.

"Messrs. D. Wampler Earman & Swank (attorneys at law) will please pay to Mrs. M. J. Gardner, or order, one thousand five hundred dollars and charge same to my account.

                                    her
                    "MRS. R. E. X MOORE.
                                    mark

"Witness:
    "G. B. GARDNER.

"Augusta county, to-wit:
    "I, Jno. S. Hinegardner, a notary public, for the county aforesaid in the State of Virginia, do certify that Mrs. R. E. Moore, whose name is signed to the writing above, bearing date on October 12, 1914, has acknowledged the same before me in my county aforesaid.

"Given under my hand this 12th day of October, 1914.
"My commission expires January 9, 1916.
                    "JNO. S. HINEGARDNER, N. P."

The parties waived a jury and submitted all matters of law and fact to the decision of the court, and the court entered judgment for the defendant, and to that judgment this writ of error was awarded.

Earman and Swank, as attorneys for Mrs. Moore, the drawer of the draft sued on, had recovered for her a judgment against her son for $2,700, on October 2, 1914, which was all the property she owned then or thereafter until the date of her death, on January 29, 1915. On October 12, 1914, the date of the draft, Mrs. Moore, the drawer thereof, was eighty years of age, of doubtful mental capacity, and resided with her daughter, Mrs. M. J. Gardner, the payee of the draft. The draft was presented to Earman, one of the drawees, shortly after it was drawn, but was never accepted or paid by him, nor was it ever presented to the other drawee. The judgment was never collected by the attorney for Mrs. Moore, but was paid in full to her administrator some time after her death.

It will be observed that the notice of the motion bases the plaintiff's claim for the recovery on the draft, or order, as it is called in the notice, and on nothing else. The notice states, "the same being due to me from you as evidenced by a certain order, a copy of which is filed herewith, for the sum of $1,500." It is conceded by counsel for the plaintiff in error that the death of Mrs. Moore, the drawer of the draft, revoked the "order itself," and also terminated the powers of the drawees as attorneys to collect the judgment, and if there can be any recovery at all in the case, it must be founded on some consideration other than the draft aforesaid. They seek to meet the situation by declaring that "the court and the parties to the action themselves treated the action as an action for money had and received" by the defendant to the use of the plaintiff, and thereunder undertook to establish a parol gift by an equitable assignment of a part of a particular fund. The pro-

cedure by motion is very liberal, but, in the absence of consent, we do not wish to be understood as sanctioning such a departure as was indulged in the instant case, where the complaint was of the violation of a written contract, and evidence offered was of a parol gift. Dealing with the case, however, as it was dealt with in the trial court, as an action for money had and received to the plaintiff's use, we do not think that the plaintiff has proved the gift which she relies upon to establish her claim.

Undoubtedly, title to personal property of all kinds may be passed by gift, and, when so passed, it is as irrevocable as if passed by purchase; but in order to possess this quality the gift must be complete. The thing given must be delivered, else the gift is incomplete. An agreement for future delivery is nothing more than a promise to make a gift. The delivery, however, may be actual, constructive or symbolical, depending upon the nature of the thing given. But there must be delivery of some kind, else there is no gift, unless it be by way of declaration of a trust, which is not claimed in the instant case. Graves' Title to Personal Property, sections 18, 19, 20, 21, 23.

It is not claimed, in the instant case, that the gift was of money, but of a part of a judgment which the donor had recovered against her son—a mere chose in action—hence, the provision of section 2414 of the Code, relating to the residence together of the donor and donee at their place of residence, has no application thereto. *Bank* v. *Holland,* 99 Va. 495, 39 S. E. 126, 55 L. R. A. 155, 86 Am. St. Rep. 898. It is claimed, however, that the draft in suit was an equitable assignment of a part of the judgment, and that the delivery of the draft to the intended donee was a sufficient delivery to complete the gift. We cannot concur in this view.

The instrument in suit bears no semblance of an assignment. It does not purport to be an assignment, and makes

no mention of the judgment or other fund out of which it is to be paid. It measures up exactly to what section 126 of the negotiable instruments law declares to be a bill of exchange, and which by the next section it declares, "of itself does not operate as assignment of the funds in the hands of the drawee available for the payment thereof." Code, section 2841-a, cls. 126, 127. This court cannot declare that to be a common law assignment which the statute says is a negotiable bill of exchange, nor that such a bill shall operate as an assignment when the statute says it shall not so operate. The fact that the donor had no other estate than the judgment cannot affect the legal interpretation of the instrument of supposed donation. The same results would have followed if the donor had used an insufficiently executed will as the instrument of donation.

A number of cases have been cited by counsel to show what amounts to an equitable assignment of a chose in action, and also to show what constitutes a sufficient constructive delivery to complete a gift, but as we deem the question here in issue settled by the statutes above mentioned, a review of such cases would not be profitable. There is no claim that any gift was made except by the draft, or that any assignment of any part of the judgment was attempted, unless the draft can be construed into such an attempt. It appears that the donor knew of the existence and amount of the judgment, and that it constituted her whole estate, and that she desired to give her daughter (the plaintiff) fifteen hundred dollars, because, as she expressed it, "I have stayed here with her and she has had more trouble with me than all the rest. When I was with the others then I was able to wait on myself, but since I have been here I have had to be waited on * * * I know I have been no little bit of trouble." She also stated that she wanted to give another daughter $500, and a third daughter $100, and drafts for these amounts were drawn in favor of those

daughters—one of them on the same sheet of paper with the draft in suit. These are all the surrounding circumstances leading up to and attending the execution of the draft in suit. As said by the learned judge of the trial court, in his opinion made a part of the judgment, "These circumstances and much that was said by Mrs. Moore, which has been put in evidence, are strongly suggestive of a testamentary intent on the part of Mrs. Moore, rather than an irrevocable gift *in praesenti* effected by the signing of the orders and the disposition there made of them." The draft of "itself does not operate as an assignment of the funds in the hands of the drawee available for the payment thereof," nor is there anything shown outside of the draft that can so operate.

The claim made by counsel for the plaintiff in error that the draft is supported by a valuable consideration, consisting of services rendered by the daughter to her mother, is inconsistent with the theory of a gift from the mother to her daughter, which has been the burden of the argument of her counsel in this court. The statements of the mother at and about the time the draft was drawn would seem to indicate a motive for a gift rather than the consideration for a contract. The gift, however, was not completed in her lifetime and was revoked by her death.

For these reasons, the judgment of the circuit court must be affirmed, but as the record discloses some evidence of a desire on the part of Mrs. Moore that the plaintiff should be compensated for services rendered her, this affirmance shall be without prejudice to the right of the plaintiff, if so advised, to assert against the defendant in error any claim she can properly establish to compensation for such services.

*Affirmed.*