𝕾𝖙𝖆𝖚𝖓𝖙𝖔𝖓.

MANKIN V. ALDRIDGE.

September 16, 1920.

1. NOTICE OF MOTION FOR JUDGMENT—*Test of Sufficiency.*—In a proceeding by motion for judgment the notice takes the place of the writ and the declaration, and while the notice is viewed with great indulgence it must set out matter sufficient to maintain the action, and whether or not it does so is tested by a demurrer to the notice. What is lacking in allegation cannot be supplied by evidence. There must be both allegation and proof, to entitle a plaintiff to a judgment and the allegation must precede the proof.

2. NOTICE OF MOTION FOR JUDGMENT—*Test of Sufficiency.*—The procedure by motion is looked upon with great indulgence, and notices are upheld as sufficient, however informal, where they contain sufficient in substance to fairly apprise the defendant of the nature of the demand made upon him, and state sufficient facts to enable the court to say that if the facts stated are proved, the plaintiff is entitled to recover. Less than this has never been required in any form of procedure and probably never will be.

3. NOTICE OF MOTION FOR JUDGMENT—*Sufficiency—Notice Based on Balance of Account.*—A notice of motion for judgment was very vague and indefinite, simply stating that judgment would be asked for a sum stated, that being a balance due "from you on account, a copy of which is hereto attached." The account being thus incorporated into the notice would have supplied the needed certainty if the account itself furnished it. But in many respects it did not, although as to other items it did.

   *Held:* That as the notice was sufficient as to a part of the account it was proper to overrule a demurrer to the notice. The situation is analogous to a demurrer to a declaration as a whole where the declaration contains several counts, some of which are good and others bad.

4. NOTICE OF MOTION FOR JUDGMENT—*Bill of Particulars.*—Where an account upon which a notice of motion for judgment was based gave the defendant no sufficient notice of the service rendered for which the charges were made, defendant was entitled to a bill of particulars supplying this information.

96

5. PLEADING—*Certainty.*—No matter what form of procedure is adopted, every litigant has the right to be informed in plain and unmistakable language of the ground of complaint or defense of his adversary.

6. AMENDMENTS—*Time of Amendment—Immaterial Misnomer.*—In an account upon which a notice of motion for judgment was based the words "Long Branch" were used to designate one of the places where the services were rendered. There was no such place, the proper designation being "Laurel Branch." Pending the examination of the plaintiff as a witness, attention was called to the error, and on motion of the plaintiff he was permitted to make the needed change over the objection of the defendant.

*Held:* This was a mere immaterial misnomer, which did not in any way take the defendant by surprise, and that there was no error in the ruling of the trial court.

7. DECLARATIONS AND ADMISSIONS—*Agency—Master and Servant.*—Mere servants who are in no sense agents of their master have no power to make admissions in his behalf.

8. BEST AND SECONDARY EVIDENCE—*Memoranda Refreshing Memory of Witness.*—No matter by what kind of paper the recollection of a witness is refreshed, if, after being refreshed, he speaks from a present and existing recollection and not from the source of refreshment, his testimony is admissible.

9. FRAUDS, STATUTE OF —*Agreement to Answer the Debt of Another—Instructions.*—In a proceeding for a balance due on an account, defendant contended that his undertaking was only secondary, a guaranty of the payment of plaintiff's claim and that no action could be maintained thereon because it was not in writing. The court instructed the jury that if they believed that the defendant agreed with the plaintiff, that if plaintiff would do the work the defendant would pay him for the same, and plaintiff did the work, they should find for plaintiff. This instruction correctly stated the law,but as it was the sole instruction on the subject, it should have explained to the jury the distinction between an agreement to "pay him for the same" and to "see him paid for the same." But however that might be, it was error to refuse an instruction for the defendant on the necessity for a writing if the undertaking of the defendant was merely secondary.

10. INSTRUCTIONS—*Assumption of Fact.*—It is not error to refuse an instruction which assumes as a fact what is seriously controverted by the testimony.

11. NOTICE OF MOTION FOR JUDGMENT—*Burden of Proof.*—In a proceeding by motion for judgment for the balance due on an ac-

count, it was error to refuse an instruction that the burden was upon the plaintiff to prove his case by a preponderance of evidence, "and if he has not so proven his claim, you will find for the defendant as to any item therein which has not been so proven by the plaintiff."

Error to a judgment of the Circuit Court of Dickenson county in a proceeding by motion for a judgment for money. Judgment for plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*S. H. & Geo. C. Sutherland,* for the plaintiff in error.

*A. A. Skeen,* for the defendant in error.

BURKS, J., delivered the opinion of the court.

This proceeding by motion was inaugurated by the following notice and account:

"To Speed Mankin:

"Take notice: That on Monday the 17th day of March, 1919, that being a day of the March term of the Circuit Court of Dickenson county, Virginia, I shall move said court for judgment against you for the sum of $622.40 with interest thereon from February 1, 1919, that being a balance due me from you on account, a copy of which is hereto attached, and which amount you have been frequently requested to pay but which you have refused.

"This February 25, 1919.

(Signed)    "F. M. Aldridge.

"Speed Mankin.

## "In Acct. with F. M. Aldridge.

1918.
Sept.
| | | |
|---|---|---:|
| " | To 7 hrs. work, 35 cts .............................$ | 2.45 |
| " | 15,500 staves, Long Branch, $6.00 per M ......... | 93.00 |
| " | 9,000 staves out of Mill Hollow, $5.00 per M ....... | 45.00 |
| " | 7,000 staves out of head of Mill Hollow, $5.00 per M .. | 35.00 |
| " | 39,000 short staves C 50 per M .................... | 19.50 |
| Oct. | 11,100 staves—$1.00 per M ........................ | 11.10 |
| " | 169,000 staves at $1.00 per M ..................... | 169.00 |
| " | 14,400 staves at $1.00 per M ..................... | 14.40 |
| " | Team work, 33 hrs., at 70c ...................... | 23.80 |
| " | To Dewey Mullins, 29 hrs., at 25c ................. | 7.25 |
| " | Delivering Blocks by way of shoot ................ | 7.00 |
| " | To work by F. M. Aldridge, 37 hrs., at 35c .......... | 12.95 |
| " | To Joe Johnson and horse, 50c ..................... | 1.00 |
| " | To Joe Johnson, 2 hrs., at 35c .................... | .70 |
| Dec. | 58,000 bolts, Laurel Branch, $6.00 per M ........... | 348.00 |
| " | 22,000 bolts, Mill Branch, $5.00 per M ............. | 110.00 |
| " | To repairing shoot ............................. | 3.50 |
| " | To gather blocks from wood 2 days .............. | 7.00 |
| " | To same Bulger Stanley, 18 hrs., at 50c ........... | 9.00 |
| " | To bal. on gathering blocks from woods .......... | 39.65 |
| | | $ 983.70 |
| | Total credits ............................. | 361.30 |
| | To balance ................................$ | 622.40 |
| | | 24.40 |
| | | $ 598.00 |

[1, 2] The defendant demurred to the notice and also called for a bill of particulars under the provision of sec. 3249, Code 1904, sec. 6091, Code 1919. The trial court overruled the demurrer and denied the application for the bill of particulars. In a proceeding of this kind the notice takes the place of the writ and the declaration, and while the notice is viewed with great indulgence it must set out matter sufficient to maintain the action, and whether or not it does so is tested by a demurrer to the notice. What is lacking in allegation cannot be supplied by evidence. There must be both allegation and proof, to entitle a plaintiff to a judgment, and the allegation must precede the

proof. *Security Co.* v. *Fields,* 110, Va. 827, 67 S. E. 342. The tendency of modern times is to simplify matters of mere procedure, and for this reason the procedure by motion is looked upon with great indulgence, and notices are upheld as sufficient, however informal, where they contain sufficient in substance to fairly apprise the defendant of the nature of the demand made upon him, and states sufficient facts to enable the court to say that if the facts stated are proved, the plaintiff is entitled to recover. Less than this has never been required in any form of procedure, and probably never will be. This is the test which has been applied to the sufficiency of a declaration, notwithstanding our statute, sec. 6087 of the Code, declaring that no action shall abate for want of form, where the declaration sets forth sufficient matter of substance for the court to proceed upon the merits of the cause." *Va. Portland Cement Co.* v. *Luck,* 103 Va. 427, 49 S. E. 577. The notice must, in substance, comply with these requirements, else it is bad on demurrer. This is illustrated by the case last cited where, in a proceeding against an endorser, the notice was held insufficient because it failed to allege demand and timely notice to the endorser of non-payment. So also, the proof offered must support the case stated in the notice. In *Gardner* v. *Moore,* 122 Va. 10, 94 S. E. 162, it was said "in the absence of consent, we do not wish to be understood as sanctioning such a departure as indulged in the instant case, where the complaint was of the violation of a written contract, and evidence was offered of a parol gift."

[3] The notice in the instant case, is very vague and indefinite. It simply states that judgment will be asked for a sum stated, "that being a balance due me from you on account, a copy of which is hereto attached." The account being thus incorporated into the notice would supply the needed certainty if the account itself furnished it. But in many respects it does not. As to a number of the items, however, the account furnishes the needed certainty.

For example, reading the account and notice together, it is sufficiently alleged that the defendant was indebted to the plaintiff for "seven hours' work, thirty-five cents, $2.45," and for "team work, thirty-three hours, at seventy cents, $23.80," and other like items, but the items as to staves is vague and uncertain, as we shall see. As the notice is sufficient as to a part of the account it was proper to overrule the demurrer. The situation is analogous to a demurrer to a declaration as a whole where the declaration contains several counts, some of which are good and others bad.

[4] The principal items of account, however, have some relation to staves, just what the account does not show. These items are all charged in the same manner, and the first one of them is used to illustrate them all. It is "15,500 staves, Long Branch, $6.00; per M, $93.00." Naturally this would import a sale of that amount of staves by the plaintiff to the defendant at the price mentioned, but the evidence offered was for hauling the staves. The defendant had a number of men employed about his saw-mill. Some were cutting, some hauling, some sawing and some stacking. All, or practically all, were paid by the thousand, and these items of the account gave the defendant no sufficient notice of the service rendered for which the charges were made, or even that they were for services. A judgment for the plaintiff under such pleadings would not bar another action for the same cause as the record would not disclose for what the first judgment was rendered. This is a very valuable right of the defendant, and he cannot be deprived of it by the laxity of the plaintiff in his pleadings. The defendant had the right to know before going into trial what the plaintiff claimed of him in reference to the staves, and the trial court should have required of the plaintiff a bill of particulars that would have furnished this information.

[5] If this were the only error committed on the trial, we would hardly reverse the judgment of the trial court, but we do not recede from the proposition that, no matter what form of procedure is adopted, every litigant has the right to be informed in plain and unmistakable language of the ground of complaint or defense of his adversary. The procedure by notice under section 6046 of the Code is looked upon with great indulgence, not because the notice is supposed to be the act of a layman ignorant of forms of procedure, for that would be contrary to almost universal experience, but because the courts are loath to sacrifice substance to form, and desire, so far as possible, to avoid that result. The adoption of this method of procedure, however, cannot dispense with the allegation of the substance of a good ground of action or defense. Anything less than this would endanger the substantial rights of litigants.

[6] In item 2 of the account the words "Long Branch" are used to designate one of the tracts from which the hauling was done. There was no such tract. The proper designation was "Laurel Branch," and pending the examination of the plaintiff as a witness, attention was called to the error, and on motion of the plaintiff he was permitted to make the needed change over the objection of the defendant, and this ruling of the trial court is assigned as error. It was a mere immaterial misnomer of the tract, which did not in any way take the defendant by surprise, and there was no error in the ruling of the trial court.

[7] The plaintiff claimed that the number of staves charged for was by actual count, and further stated that he got his figures from John Mullins and Mr. Harold, "they all was counting them." The evidence was objected to and after it was admitted, over the objection of the defendant, the defendant moved to "strike out any statement based upon the statement of John Mullins and Bill Harold. They are able to come and testify, and further unless they were

not authorized by Mr. Mankin to do this work." The court replied, "In view of the statement that they was working for him, I overrule the motion." Harold was sawing for the defendant and Mullins was stacking. Both paid by the thousand. They were mere servants of the defendant, and in no sense his agents, and had no power to make admissions in his behalf. The evidence was plainly hearsay and should have been excluded.

[8] During the examination of the plaintiff on his own behalf he made frequent reference to a memorandum which was not an original entry, but was either a copy of the original, or a copy of a copy. Objection was made to the testimony because the book of original entry was not introduced or accounted for. The trial court overruled the motion to exclude because "his independent recollection of the articles will do." If the witness had an independent recollection and testified from that there was no error in the ruling of the trial court. No matter' by what kind of paper the recollection of a witness is refreshed, if, after being refreshed, he speaks from a present and existing recollection and not from the source of refreshment, his testimony is admissible. 1 Gr. Ev. (16th ed.) section 429c. On reading the testimony of this witness we are doubtful if the witness did testify from a present and existing recollection. On another trial, this question should be set at rest.

The defendant filed a plea of general denial of the plaintiff's claim, and also a special plea that his undertaking was only secondary, a guaranty of the payment of the plaintiff's claim, and that no action against him could be maintained thereon because it was not in writing. Issue was joined on these pleas, and a large part of the testimony was directed to the issue made by the special plea. The testimony for the plaintiff on this subject was not entirely clear.

The original contract for the hauling had been let to Tives Mullins, and one of the principal questions was whether

Mullins had sublet a part of his contract to the plaintiff with the consent of the defendant, or the plaintiff had made an independent contract with the defendant with the consent of Mullins. The plaintiff appears to be an ignorant man, and while he repeatedly speaks of it as an independent contract, and that Mullins "turned the job to" him with the defendant's consent, at other times he speaks of the defendant agreeing "to stand good for my pay," and "he also guaranteed to pay all," and also says that all payments made to him prior to certain time were based on orders from Mullins. The defendant denies any contract with the plaintiff except to guarantee the payment for the work done by him, and he frequently uses the expression that he "agreed to see that he got the money." Such expressions would greatly impress a jury, and they would naturally think that if he agreed that he would see that the plaintiff got his money, he ought to live up to his contract and pay the money if Mullins did not, regardless of whether the contract was written or oral. It was peculiarly a case where the instructions of the court should have clearly stated the legal rights and obligations of the parties.

[9, 10] After the evidence had all been introduced, the plaintiff asked for one instruction which the court gave over the objection of the defendant, and the defendant asked for five instructions, the first four of which the court refused to give, and gave the fifth with a modification. The instruction given at the instance of the plaintiff was as follows: "The court instructs the jury that if they believe by a preponderance of the evidence that the defendant agreed with the plaintiff, that if he would do the work, he the defendant would pay him for same, and they further believe the plaintiff, did the work he agreed to do, then they should find for the plaintiff, for whatever amount, if any, that he the plaintiff has shown by a preponderance of the evidence to be due him." This instruction correctly states the law, but

as it was the sole instruction given by the court on the subject, it should have gone further and explained to the jury the distinction between an agreement to "pay him for the same" and to "see him paid for the same," as it is doubtful if the jury would have made the distinction without this explanation. But, however this may be, it was error to refuse defendant's instruction No. 2 which brought to the attention of the jury the necessity for a writing if the undertaking of the defendant was merely secondary. That instruction was as follows: "The court further tells the jury that there was a contract between the defendant Speed Mankin and Tivis Mullins to haul these stave blocks, which required Mullins to move the blocks all the way from the place where they could be loaded on sleds or wagons to the mill, and if there was an agreement between the plaintiff and Mullins whereby the plaintiff agreed to haul the blocks embracing Mullins' contract in Mill Hollow and Laurel Branch, and the defendant on being told of this directed the plaintiff to go ahead and he would see that he got his pay or words to that effect, still you cannot find against the defendant or in favor of the plaintiff, unless this was in writing and signed by the defendant." There was no error in refusing defendant's instruction No. 1, as it assumed as a fact what was seriously controverted by the testimony.

Defendant's instruction No. 3 was correctly refused. If we correctly construe the hypothetical case put, it amounted to a new and independent contract between the plaintiff and the defendant and no writing was necessary. If our construction is incorrect then the instruction was misleading. The instruction is not inserted as the ruling thereon would not probably be of any value in the future cases.

[11] Defendant's instruction No. 4 correctly stated the law and it was error to refuse it. It was as follows: "The court tells the jury that the burden is upon the plaintiff

to prove his case by a preponderance of the evidence, and if he has not so proven his claim, you will find for the defendant as to any item therein which has not been so proven by the plaintiff."

The addition made by the court to defendant's instruction No. 5 could not possibly have injured the defendant, and was harmless.

For the errors hereinbefore pointed out the judgment of the Circuit Court of Dickenson county will be reversed and the case remanded for a new trial in accordance with the views hereinbefore expressed, and with direction to require the plaintiff to file a proper bill of particulars before the trial is commenced.

*Reversed.*