# Richmond.

## PEDRO M. WESSEL, ET ALS., PARTNERS, TRADING AS WESSEL, DUVAL & COMPANY, *v.* RUSSELL BARGAMIN AND E. M. BARGAMIN, PARTNERS, TRADING AS THE CROZET COOPERAGE COMPANY.

### November 15, 1923.

1. NOTICE OF MOTION FOR JUDGMENT—*Sufficiency of Notice—Details—Bill of Particulars.*—A notice of motion for judgment must state facts which, if true, entitle the plaintiff to recover upon such facts a judgment for some amount against the defendant. But the notice need not state the facts in detail. They are matters of proof. It is sufficient if the notice is such that the defendant cannot reasonably mistake its object, *i.e.*, the cause of action intended to be stated therein. If the defendant desires more specific information of the details of the plaintiff's claim than is contained in such a notice, his remedy is to move the court to order the plaintiff to file a statement of the particulars of his claim.

2. NOTICE OF MOTION FOR JUDGMENT—*Sufficiency—Reference to Attached Account—Case at Bar.*—A notice of motion for judgment that plaintiffs would move for a named sum, the same being due from defendants, "as evidenced by a certain account, a copy of which is hereto attached," was insufficient by itself. But the notice made the account a part of it, and when they were read together they notified the defendants that the cause of action alleged was the breach by the defendants of a contract of sale, mentioned and identified by its number and date, by the failure of the defendants to accept the subject matter of the sale at the contract price, and that the damages claimed by the plaintiffs for such breach of contract was the difference between the contract price and the market price, which was stated.

   *Held:* That the defendants could not have reasonably mistaken the meaning of the notice and account, and the notice of motion together with the account stated a cause of action.

3. DAMAGES—*Writ of Inquiry of Damages—General Rule—Actions by Notice of Motion.*—A writ of inquiry of damages is, in fact, never ordered on a motion (there being no rules taken on the motion). What is done where there is no contract and the motion is on some

cause of action which does not *prove itself* (as a note or bond would) is for the plaintiff to swear his witnesses, prove his case, and take judgment. This is in the nature of *an execution of a writ* of inquiry. And this procedure is necessary in actions by notice of motion, wherever a writ of inquiry would be necessary under the established rules on the subject if the action had been by declaration instead of by notice of motion.

4. DAMAGES—*Writ of Inquiry—When Necessary.*—The general rule is that a writ of inquiry is necessary in an action which sounds in damages.

5. DAMAGES—*Writ of Inquiry of Damages—Necessity under Section 6046 of the Code of 1919—Acts of 1922, pp. 763, 764—Case at Bar.*—Section 6046 of the Code of 1919, providing for actions by notice of motion, does not dispense with a writ of inquiry of damages where such writ would be necessary if the action had been by declaration instead of by notice of motion. But Acts of 1922, pp. 763, 764, amending this section, does dispense with such inquiry if the action is upon an account, where the plaintiff files with his notice an account such as is required, and files with such account an affidavit such as is prescribed by section 6133 of the Code of 1919, and defendant does not file such plea and counter affidavit as is also prescribed by section 6133 of the Code of 1919. However, the statute as amended by Acts of 1922, pp. 763, 764, was not in force until after the proceedings in the instant case, and therefore could not be relied on as dispensing with the inquiry of damages, even though the instant case could be considered as an action upon an account.

6. NOTICE OF MOTION FOR JUDGMENT—*Evidence Sufficient to Support Judgment for Plaintiffs—Case at Bar.*—A notice of motion for judgment for a named sum alleged that such sum was due to plaintiffs from defendants as evidenced by a certain account, a copy of which was attached. From the account it appeared that the cause of action alleged was the breach by the defendants of a contract of sale, mentioned and identified by its number and date. The contract was not filed with the notice, and there was no evidence before the court below to support a judgment for plaintiff, unless the affidavit for the plaintiffs verifying the account could be considered for that purpose. The action was brought under Code of 1919, section 6046, which does not dispense with an inquiry of damages, and hence did not dispense with the production by the plaintiffs of competent evidence to prove the damages.

   *Held:* That the affidavit was not such evidence, and therefore there was no evidence to support the judgment.

7. APPEAL AND ERROR—*Improper Evidence Unobjected to—Default Judgment.*—Improper evidence introduced by a party, if unobjected to by his opponent, will be considered by the appellate court as if it were proper evidence, on the ground that the opponent has waived objection to it, but this rule has no application where the judgment is by default.

Error to a judgment of the Circuit Court of Albemarle county in a proceeding by motion for a judgment for damages.  Judgment for plaintiffs.  Defendants assign error.

*Reversed and remanded for further proceedings.*

This is an action instituted by the following notice of motion for judgment, together with the account and affidavit attached to the notice:

"To Russell Bargamin and E. M. Bargamin, trading as The Crozet Cooperage Company:

"You are hereby notified that on the 6th day of February, 1922, we shall move the Circuit Court of the county of Albemarle for a judgment against you for the sum of one thousand five hundred and forty-five dollars and twenty-six cents ($1,545.26), with interest thereon from the 31st day of March, 1921, until paid, the same being due to us from you, as evidenced by a certain account, a copy of which is hereto attached, for the sum of one thousand five hundred and forty-five dollars and twenty-six cents ($1,545.26).

"Given under our hands this 1st day of January, 1922.

"Pedro M. Wessel, Harry L. Wessel, Theodosio F. Budge, Guillermo E. Purcel, Thomas Peake, Edmundo Eastman, Anson McLeod, Elizabeth Parker, George L. Duval, Robert Jaffray, Paul W. Alexander, trading as Wessel, Duval and Company.

"By Counsel."

"Gilmer and Graves, p. q.

"The Crozet Cooperage Co., Crozet, Va.

"1921          "To Wessel, Duval and Co. Dr.

"To difference between contract price and average price of our spot sales during March, 1921, on 135

long tons nitrate of soda covered by contract No. 3265, dated November 20, 1920.

"Contract Price $3.10 per 100 lbs.

"March price $2.5854 per 100 lbs.

"Difference $ .5154 per 100 lbs.

"302 400 lbs. Gross—300 283 lbs. net at $ .5146 per 100 lbs. $1,545.26.

"E. & O. E.

"Southern District of New York ⎫
"County and State of New York ⎬ ss:
                              ⎭

"Paul W. Alexander, being duly sworn, deposes and says: He is a member of the firm of Wessel, Duval and Co., a copartnership, doing business at No. 25 Broad street, New York city.

"That the Crozet Cooperage Co. was and is justly indebted to deponent's firm of Wessel, Duval and Co., in the sum of $1,545.26 as shown by the annexed statement and made a part hereof, and that the same became due on or about the 31st day of March, 1921; that no part of said debt has been paid, that there are no just offsets, set-offs or counter-claims to the same, that demand for the same has been duly made and declined. That interest from the 31st day of March, 1921, is claimed and demanded.

"That this affidavit is made by deponent as a partner of said firm of Wessel, Duval and Co. for and on behalf of said firm.

"Paul W. Alexander.

"Sworn to before me this 16th day of December, 1921.

"Michael C. Boyce,
"Notary Public."

The notice, together with the account and affidavit, was returned to the clerk's office by the officer on January 18, 1922, with his return thereon as follows:

"Executed on the 16th day of January, 1922, within the county of Albemarle, by delivering true copies of the within notice and copies of account to Russell Bargamin and E. M. Bargamin in person."

On February 6, 1922, the court below entered judgment by default by the following order:

"This day came the plaintiffs in the above styled action, by counsel, and moved the court for judgment against the defendants, Russell Bargamin and E. M. Bargamin, partners, trading as Crozet Cooperage Company, upon a notice of motion for judgment duly executed upon said defendants and returned to the clerk's office of this court within the time required by law. And the court having examined said notice and the return of the officer thereon and finding that the said defendants had legal notice of this motion and that the same had been duly returned, as aforesaid, and is now docketed, the said defendants were solemnly called, but came not.

"Wherefore the court, after having examined the evidence herein, consisting of an itemized, verified statement of account, finds for the said plaintiffs in the sum of $1,545.26, the debt demanded, with interest thereon at six per cent as claimed, and the costs; leave, however, being granted said defendants at any time prior to the adjournment of this term to appear and interpose such pleas and matters of defense as they may desire, otherwise this judgment to become final at the rising of this court. It is therefore considered by the court and so ordered that the plaintiffs, Pedro N. Wessel, Harry L. Wessel, Theodosio F. Budge, Guillermo W. Purcel, Thomas Peake, Edmundo Eastman, Anson Mc-Leod, Elizabeth Parker, George L. Duval, Robert Jaf-

fray, Paul W. Alexander, trading as Wessel, Duval and Company, recover and have judgment against the said Russell Bargamin and H. H. Bargamin, trading as Crozet Cooperage Company, for the said sum of one thousand five hundred and forty-five dollars and twenty-six cents ($1,545.26), with interest thereon at the rate of six per cent. per annum, from March 31, 1921, until paid, together with their costs by them herein expended.''

There was no appearance by the defendant during the February term and the aforesaid judgment by default became final upon the rising of the court on February 18th, the last day of that term, as aforesaid; and on April 6, 1922, execution issued thereon.

Thereafter, at the April term, 1922, the defendants appeared and moved the court to vacate, set aside and reverse the aforesaid judgment entered at the February term and to quash the aforesaid execution issued thereon as aforesaid on a number of grounds, only two of which need be stated, which are as follows:

1. That the notice of motion was insufficient to support the judgment, in that it did not "state a case."

2. That the judgment was entered without any proceeding in the nature of the execution of a writ of enquiry and without there being enough in the papers of the case to support the judgment for the specific amount for which it was entered.

The court, after certain proceedings not necessary to be stated, on May 6, 1922, which was during the April term, entered an order reversing the aforesaid judgment and quashing the aforesaid execution, but giving leave to the plaintiff to amend the notice of motion. Subsequently, at the June term (June 14, 1922), the plaintiff having elected not to amend the notice of motion, and so stating to the court, the court entered the final order under review dismissing the case.

*Baird, White & Lanning* and *Gilmer & Graves*, for the plaintiffs in error.

*L. F. Smith* and *Allen, Walsh & Michie*, for the defendants in error.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court:

The questions presented for decision by the assignments of error will be disposed of in their order as stated below.

[1] 1. Was the notice of motion (together with the account which is made a part thereof), sufficient to maintain the action?    That is, did it "state a case" —*i. e.*, a cause of action, upon which the plaintiff was entitled to recover a judgment for some amount against the defendants?

The question must be answered in the affirmative.

The decisions in this jurisdiction upon the subject of what a notice of motion must state in order to be sufficient to maintain the action are numerous.    Their holding, however, without reviewing them in detail, may be summarized as follows: It is settled by such decisions that the notice must state facts which, if true, entitle the plaintiff to recover upon such facts a judgment for some amount against the defendant.    But the notice need not state the facts in detail.    They are matters of proof.    It is sufficient if the notice is such that the defendant cannot reasonably mistake its object, *i. e.*, the cause of action intended to be stated therein.    If the defendant desires more specific information of the details of the plaintiff's claim than is contained in such a notice, his remedy is to move the court to order the plaintiff to file a statement of the particulars of his

claim. *Graves* v. *Webb*, 1 Call (5 Va.) 443; *Moore* v. *Mauro,* 4 Rand. (25 Va.) 488; *Burwell* v. *Burgess*, 32 Gratt. (73 Va.) 472; *Carr* v. *Meade's Ex'x*, 77 Va. 142; *Union Central Life Ins. Co.* v. *Pollard*, 94 Va. 146, 26 S. E. 421, 36 L. R. A. 271, 64 Am. St. Rep. 715; *Security Co.* v. *Field*, 110 Va. 827, 67 S. E. 342; *Rinehart* v. *Pirkey*, 126 Va. 346, 101 S. E. 353; *Matthews* v. *LaPrade*, 130 Va. 408, 107 S. E. 795; *Bardach Iron & Steel Co.* v. *Tenenbaum*, 136 Va. 163, 118 S. E. 502, to cite only such of the decisions as are cited for the plaintiffs and defendants in argument upon the question under consideration.

[2] The notice in itself in the instant case is insufficient, but the notice makes the account a part of it, and when they are read together they notify the defendants that the cause of action alleged is the breach by the defendants of the contract, mentioned and identified by its number and date, by the failure of the defendants to accept the soda mentioned at the contract price and during the contract time for delivery mentioned, and that the damages claimed by the plaintiff for such breech of contract is the difference between the contract price, which is stated, and the market price during such time, which is also stated, which difference it is alleged amounts to $1,545.26, for which amount judgment would be asked, with interest thereon from March 31, 1921. Such, we think, is the plain meaning of the notice, when read along with the account, and we do not think that the defendants could have reasonably mistaken its meaning. The notice was therefore sufficient to maintain the action.

In *Mankin* v. *Aldridge, supra*, 127 Va. 761, 105 S. E. 459, especially relied on for the defendants, the account made a part of the notice, was held sufficient to withstand a general demurrer. In 23 Cyc. 740, cited and

relied on for the defendants, this is said: "Default admits only what is well pleaded; and consequently a judgment by default cannot be sustained if the plaintiffs'  *  *  complaint does not state a good cause of action, or lacks those averments which are necessary to show his right to recover.   The test proposed by some of the decisions is, that the  *  *  complaint must be sufficient to sustain a general demurrer."

Of *Bardach Iron & Steel Co.* v. *Tenenbaum, supra* (136 Va. 163, 118 S. E. 502), also especially relied on for the defendant, it is sufficient to say that the opinion goes no farther than to say that it is very doubtful whether the notice and the statement of damages together state a case, and that question is left unconsidered and undecided by the court as is expressly stated in the opinion.

*Burwell* v. *Burgess, supra* (32 Gratt. [73 Va.] 472), is also relied on for the defendants upon the subject in question.   In that case the procedure was by declaration and there was a judgment by default for the amount of the account, with interest, as claimed by the plaintiff.   The judgment was not upon a writ of inquiry, but for the amount of the account without proof, under section 44 of chapter 167 of the Code of 1873 (sec. 6132 of Code of 1919), which dispensed with inquiry of damages, "provided the plaintiff shall serve the defendant, at the same time and in the same manner that the process or summons to commence the suit or action is served, with a copy (certified by the clerk of the court in which the suit or action is brought) of the account on which the suit or action is brought and the time from which he claims interest thereon, and the credits, if any, to which the defendant may be entitled thereon."   A copy of the account, certified by the clerk, was served on the defendant as required by the statute.   The account con-

tained three items like this: "1870—No. of pack'es 468 at twenty-five cents each $117.00," and stated from what date interest was claimed on each item. The opinion discusses the question whether the statement of the several items of the plaintiff's account were such that the defendant would understand from it what was the plaintiff's claim "and cause of action" and whether, if so, that was "a sufficient compliance with the aforesaid statute," but states expressly that that "need not be decided as the case turns upon other questions and no objection to the judgment on this ground was made * *." However, in the opinion, this is said: "It is probable that the account was stated with sufficient distinctness to be understood by the defendant, without reference to the declaration, who was a party to the transaction to which the several items of the account have reference, and, it may be presumed, at once understood their import and was thereby apprised of the plaintiff's cause of action."

2. (a). Was a proceeding in the nature of the execution of a writ of inquiry of damages necessary in the instant case; and, if so, (b) was there any evidence before the court below to support the judgment in question?

The first portion of the question, (a), must be answered in the affirmative; the latter portion, (b), must be answered in the negative.

[3] As said in Burks' Pl. & Pr. (2d ed.), p. 242: "* * * a writ of enquiry of damages is, in fact, never ordered on a motion (there being no rules taken on the motion). What is done where there is no contract and the motion is on some cause of action which does not *prove itself* (as a note or bond would), is for the plaintiff to swear his witnesses, prove his case and take judgment. This is in the nature of *an execution of a writ* of inquiry, * *." The procedure mentioned is necessary in actions by no-

tice of motion wherever a writ of enquiry would be necessary under the established rules on the subject if the action had been by declaration instead of by notice of motion.

[4] In Burks' Pl. & Pr. (2d ed.), pp. 254-7, this is said: "The general rule is that a writ of enquiry is necessary in an action which sounds in damages.   *   *"

In 1 Barton's Law Pr. (2d ed.), p. 564, this is said: "In other actions than those mentioned" (*i. e.*, where the statutes dispense with the enquiry of damages) "it is necessary to execute the enquiry of damages before any final judgment can be rendered.   *   *   Whether the writ be executed before the court or jury, the rule is the same, that evidence must be produced to ascertain the amount of the damages   *   *   and the plaintiff cannot recover more than he can prove."

[5] Hence, the decision of the question under consideration depends upon the decision of the further question: Does section 6046 of the Code, under which the action in the instant case was brought, dispense with the inquiry of damages?

As appears from that statute, as contained in the Code (being its form as in force when the proceedings were had in the court below in the instant case), it does not dispense with the inquiry of damages.   There is an amendment of this statute (Acts of Assembly, 1922, pp. 763-4), which, in effect, does dispense with such inquiry if the action is of the character mentioned in the second paragraph of that statute (namely, "upon an account"), and where the plaintiff files with his notice an account such as is required, and files with such account an affidavit such as is prescribed by 6133 of the Code, and the defendant does not file such plea and counter affidavit as is also prescribed by the last mentioned section.

The statute, as amended, however, not being in force

until after the proceedings in the instant case under review were had, cannot be relied on as dispensing with the inquiry of damages, even if the instant case could be considered as an action "upon an account," so that the second paragraph of the statute would be applicable thereto. Hence, without deciding whether the action in the instant case is "upon an account," within the meaning of section 6046, we are of opinion that that section, as in force when the proceedings under review in the instant case were had, did not dispense with an inquiry of damages in such case.

[6] Further: The contract was not filed with the notice. There was no evidence before the court below to support the judgment, unless the affidavit for the plaintiff verifying the account could be considered for that purpose. The affidavit cannot be given any more effect than the statute under which it was made gives it. And, as we have seen, the statute did not give to it the effect of dispensing with the inquiry of damages, nor, as necessarily follows, did it dispense with the production by the plaintiff of competent evidence to prove the damages. The affidavit was not such evidence. Hence, there was no evidence to support the verdict.

[7] A number of authorities are cited and relied on for the plaintiff sustaining the well settled rule that improper evidence introduced by a party, if unobjected to by his opponent, will be considered by the appellate court as if it were proper evidence, on the ground that the opponent has waived objection to it, but this rule has no application where the judgment is by default.

The action of the court below in reversing the judgment entered in favor of the plaintiffs will be affirmed; but its action in dismissing the case will be reversed; and the case will be remanded to the court below to be there

reinstated in the same condition in which it was at the time the judgment was rendered, with leave to the defendants to file such pleas as might have been filed, and for further proceedings in all respects, as if there had been no judgment rendered.

*Reversed and remanded for further proceedings.*