## CIRCUIT COURT OF FAIRFAX COUNTY

Martin N. Taxson

v.

Nancy G. Taxson

February 3, 1993

Case No. (Law) 114910

BY JUDGE ROSEMARIE ANNUNZIATA

This matter is before the Court on defendants' demurrer to plaintiff's Motion for Judgment. Plaintiff is suing defendant on two counts. Count I alleges that the defendant breached the parties' Property Settlement Agreement. Count II alleges intentional infliction of emotional distress. For the reasons stated below, the demurrers are sustained.

A demurrer tests the sufficiency of the allegations made in a motion for judgment. *Mankin v. Aldridge*, 127 Va. 761, 764 (1920); *Elliott v. Shore Stop, Inc.*, 238 Va. 237, 244 (1989). When considering a demurrer, a court must take the allegations in the motion for judgment as true. *Waller v. Welch*, 154 Va. 652, 661 (1930); *Elliott*, at 240. Although Virginia courts generally construe the allegations of a motion for judgment liberally, *Mankin*, at 764–65, a motion for judgment must set forth allegations which are definite enough to state a cognizable cause of action. *Greenbrier Farms v. Clarke*, 193 Va. 891, 894 (1952);

*Mankin*, at 764–65. The Court must consider the allegations in plaintiff's motion for judgment in light of this standard.

The facts relevant to the issues presented on demurrer are as follows.

The plaintiff, Martin N. Taxson, and the defendant, Nancy G. Taxson, were divorced by final decree of the Fairfax County Circuit Court dated November 17, 1986. Prior to their divorce, the parties entered a Property Settlement Agreement dated August 5, 1986, which settled all property and support matters between them. This agreement was incorporated, but not merged, into the final decree of divorce. The final decree recognizes that the Property Settlement Agreement survives "as an independent contract."

In Count I of his motion for judgment, plaintiff alleges that defendant breached the Property Settlement Agreement clauses which require defendant to promptly notify plaintiff of important matters regarding their children and to consult plaintiff when making decisions regarding the children. Plaintiff alleges that defendant breached these clauses on several occasions. He alleges that she failed to promptly notify him that their adoptive son had ingested PCP and subsequently required medical attention; that she failed to notify plaintiff of their adoptive daughter's need for medical attention for a cyst in her breast; that she failed to notify plaintiff that their son assaulted defendant and broke her arm; that she failed to notify plaintiff that their son appeared before the Juvenile and Domestic Relations Court pursuant to this assault and that he pleaded guilty to the assault charge; that she failed to consult plaintiff on important matters concerning their children; and, that she interfered with plaintiff's visitation and decision making rights. Plaintiff also alleges that defendant wrongfully used plaintiff's Erol's video store account contrary to a clause forbidding the parties from incurring debts for which the other could be held liable.

Plaintiff alleges that defendant's acts in breach of the Property Settlement Agreement have resulted in attorneys fees and costs to enforce the agreement in the excess of $15,000. Plaintiff alleges that he was obligated to make spousal support payments to defendant and payments on a deed of trust securing defendant's residence in accordance with the Property Settlement Agreement contract. Plaintiff prays for $231,220.84 damages for defendant's alleged breach of the Property Settlement Agreement, plus $15,000 for attorney's fees. The claim for compensatory damages reflects, in part, the amounts plaintiff was

obligated to pay in support under the contract. Plaintiff also asks the Court to declare the respective rights and obligations remaining between the parties.

Plaintiff alleges as Count II of his Motion for Judgment that defendant has intentionally inflicted emotional distress on the plaintiff by her alleged acts in breach of the Property Settlement Agreement. Plaintiff alleges that defendant's acts were "wrongful, willful, intentional, malicious, vindictive, outrageous and intolerable" and that defendant "knew or should have known that her actions would result in severe emotional distress to the plaintiff." Plaintiff prays for $231,220.84 in compensatory damages, $15,000 for attorney's fees, and $738,662.52 for treble punitive damages as to Count II.

Where a Property Settlement Agreement has been incorporated but not merged into a final decree of divorce, the parties may elect to sue on the contract for damages, *Doherty v. Doherty*, 9 Va. App. 97, 99–100 (1989), and all general principles of contract law will apply. *Gloth v. Gloth*, 154 Va. 511, 548–49 (1930); *Dziarnowski v. Dziarnowski*, — Va. App. — (1992). To maintain a suit for damages resulting from a breach of contract, a plaintiff must allege a contract between the parties, defendant's breach, and damages which may naturally flow from the breach. *Shenandoah Co. v. Phosphate Corp.*, 161 Va. 642, 650 (1933).

In the present case, plaintiff alleges a contract was entered into between the parties and alleges various acts by the defendant involving her interference with his parental relationship with the parties' children and her incurrence of certain debts, which, if true, constitute a breach of that contract. In claiming damages, plaintiff contends such breaches excuse him from performance of his support obligation under the Property Settlement Agreement. The resolution of this issue depends on whether the terms of the agreement are independent or dependent. Lindey and Parley, *Lindley on Separation Agreements and Anti Nuptual Agreements*. vol. 2, § 25.02 at 25–7 to 25–8. If the provisions, and the consideration for them, are interdependent, defendant's failure to perform her obligations may indeed discharge the plaintiff from his obligations under the contract and sustain his claim for damages. *See id.*; *Shelton v. Stewart*, 193 Va. 162, 167 (1951); *Shenandoah Co. v. Phosphate Corp., supra.* The question is one of intent, to be determined from the situation of the parties, the subject matter of the agreement, the object which the parties intended

to accomplish, and the language which the parties have used. *McGuire v. Brown*, 114 Va. 235, 241 (1912); *Eschner v. Eschner*, 146 Va. 416, 421–422 (1926) (While the terms of a property settlement agreement are presumed to be independent,[1] the parties may contract to treat contract terms as dependent.); *see also Gloth v. Gloth*, 154 Va. 511, 549 (1930); Lindley and Parley, *supra* at 25–7 to 25–8; 24 Am. Jur. 2d, *Divorce and Separation*, § 861.

Addressing this issue in his pleading, plaintiff alleges that the Property Settlement Agreement provides that breach of one provision constitutes breach of the entire agreement. On demurrer, this allegation must be taken as rebutting the presumption that the terms of a property settlement agreement are independent.[2] *Id.* It must also be taken as sufficient to set forth a contract which is entire, with provisions that are mutually dependent. Thus, the plaintiff's claim may not be precluded on this ground.

Defendant further contends, however, that even if a breach of contract has been pleaded, the plaintiff is not entitled to recovery as his pleadings establish that he himself has failed to perform. *See Hurley v. Bennett*, 163 Va. 241, 253 (1934); *Johnson v. Hoffman*, 130 Va. 335, 344 (1921) ("The rule is strict and inflexible that a plaintiff has no right of action for damages for breach of contract where he himself has breached the contract [and this breach is not excused].") *Atlantic & D.R. Co. v. Delaware Constr. Co.*, 98 Va. 503, 508–09 (1900).

It is clear that where a contract is entire and the covenants are dependent, as has been pleaded here, the plaintiff is generally obliged to aver and prove a complete performance of all that was to be done and performed on his part before he may recover. *Atlantic & D.R. Co. v. Delaware Constr. Co.*, 98 Va. at 509. Having failed to plead performance or excuse for any failure to perform, the demurrer to the breach of contract cause of action must be sustained.

In Count I, plaintiff also prays for declaratory judgment to determine the respective rights and obligations remaining between the parties

---

[1] Thus, a breach of visitation provisions in a separation agreement is not generally accepted as a defense to actions to enforce support. *See* 24 Am. Jur. 2d, *Divorce and Separation*, at 853.

[2] This finding is made only for the purposes of resolving this demurrer and in light of limited facts. It should not be construed as a final determination of the issue, if the issue is again raised at a trial on the merits.

pursuant to the Property Settlement Agreement. To support the grant of relief under the Virginia Declaratory Judgment Act, the complainant must show that an actual controversy in question exists between the complainant and respondent. Va. Code § 8.01–184. Since the allegations of breach of contract do not sufficiently set forth an actual controversy between the complainants and the respondents, the jurisdiction of the court for declaratory judgment is not properly invoked. Accordingly, the demurrer as to the prayer for declaratory relief is sustained.

As for plaintiff's Count II for intentional infliction of emotional distress, for the reasons set forth below, this Court finds plaintiff has failed to adequately allege facts to support this cause of action. Accordingly, defendant's demurrer as to this Count is sustained.

Suits for the intentional infliction of emotional distress are not favored in Virginia. *Ruth v. Fletcher*, 237 Va. 366, 373 (1989); *Russo v. White*, 241 Va. 23, 26 (1991). The Supreme Court of Virginia has held that where no physical injury has resulted from defendant's acts, four factors must be established by the plaintiff in order to recover for the intentional infliction of emotional distress. *Womack v. Eldridge*, 215 Va. 338, 342 (1974); *Ruth v. Fletcher*, 237 Va. at 367–68; *Russo v. White*, 241 Va. at *id.* They are as follows:

(1) The wrongdoer's conduct was intentional or reckless and that the defendant either had the "specific purpose of inflicting emotional distress or . . . he intended his specific conduct and knew or should have known that emotional distress would likely result;" *Womack v. Eldridge*, 215 Va. at *id.*;

(2) The conduct was "outrageous and intolerable," *id.*, and must involve acts which "go beyond all possible bounds of decency, and [are] to be regarded as atrocious, and utterly intolerable in a civilized community;" *Russo v. White*, 241 Va. at 27;

(3) The defendant's acts and the injury claimed are causally related; *Womack v. Eldridge*, 215 Va. at *id.*; and,

(4) The emotional distress suffered was so severe that no reasonable person could be expected to endure it. *Russo v. White*, 241 Va. at *id*; *Womack v. Eldridge*, 215 Va. at *id.*

In the present case, plaintiff's allegation of the severity of his emotional distress is insufficient to withstand demurrer. Plaintiff's allegation is conclusory and without facts set forth regarding the nature and extent of his emotional distress. *See Russo v. White, supra*, 241 Va. at

28, *quoting*, *Ely v. Whitlock*, 238 Va. 670, 677 (1989) (the plaintiff is obligated to "allege all facts necessary to establish" the cause of action of intentional infliction of emotional distress).

Absent sufficient allegations of setting forth the severity of the emotional distress suffered, the claim for the intentional infliction of emotional distress fails.